# Harwell *et al. v.* Potts *et al.*

*Bill in Equity for Injunction and Appointment of Receiver.*

1. *The power to appoint receivers in vacation*—Can only be exercised in a pending suit. The filing of the bill is the commencement of the suit.

2. *Appointment of receiver; when void.*—The appointment of a receiver in vacation, before the filing of the bill, is without jurisdiction, and void.

3. *Same.*—The subsequent filing of the bill, and giving of the requisite bond by the receiver, cannot impart validity to the void act of his appointment before bill filed.

[Harwell et al. v. Potts et al.]

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. S. K. McSPADDEN.

The bill in this case was filed by F. M. Potts, and other creditors of H. T. Harwell, to set aside, as fraudulent, certain mortgages made by said Harwell to Gray & Knight, to his brother, Wm. O. Harwell, and to others, as being made to hinder, delay or defraud complainants and other creditors of said H. T. Harwell. The averments of the bill are numerous, but in view of the fact that the case turned mainly upon the validity of the appointment of a receiver, it is deemed unnecessary and unprofitable to set them out in detail. The bill charges that the said H. T. Harwell is in the full control of the property mortgaged by him, carrying on his business of retail liquor dealer, selling the mortgaged stock, collecting in debts and disposing of notes, accounts, &c., and prays an injunction against him and the mortgagees of his property, restraining each of them from using or disposing of any property belonging to said Harwell, or embraced in said mortgages executed by him, and prays the appointment of a receiver. The chancellor granted the injunction, and appointed a receiver. The order appointing the receiver is dated December 26th, 1885, and was made in vacation ; the bill was not filed till December 28th, 1885. The appointment of the receiver was made without notice to defendants.

From the decree of the chancellor appointing the receiver, defendants appeal, and assign the same as error.

OLIVER & GARRETT, for appellants, file brief and argument to show—(1). That the chancellor was without jurisdiction to appoint a receiver in vacation, before the bill praying therefor, had been filed ; and cited in support of their position : *Crowder v. Moore*, 52 Ala. pp. 220-1 ; High on Receivers, page 78 and notes—Waite's Actions and Defences, vol. 5, pp. 373-4 ; Edwards on Receivers, pp. 13-14, and pp. 356-7 ; Daniell's Ch. Pr. pp. 1734-5 ; 1 Atkyns Reports, p. 315 ; *Thompson v. Parker*, 68 Ala. 387. (2). That it was error in the chancellor to appoint a receiver without notice to defendants, citing : High on Receivers, pp. 113-14 ; *Verplanck v. Mercantile Insurance Co.*, 2 Paige 438. Refer also to : *Briarfield Iron Works v. Foster*, 54 Ala. 622.

WATTS & SON, *contra*, cited the following authorities : *Whitehead v. Morton*, 43 Miss. 523 ; *Baker v. Backus*, 32 Ill. 81 ; *Williams v. Jenkins*, 11 Ga. 595 ; *Jones v. Dougherty*, 10 Ga. 281 ; *Fairfield v. Irvine*, 3 Russ. 149 ; *Johns v. Johns*, 23 Ga. 31 ; High on Receivers, pp. 71-2 ; *Bloodgood v. Clark*, 4 Paige, 574 ; *Ex parte Walker*, 25 Ala 81-101.

[Harwell et al. v. Potts et al.]

CLOPTON, J.—The order appointing the receiver, from which the appeal is taken, was made December 26, 1885, by the chancellor in vacation, and the bill was filed on the 28th, two days thereafter. As receivers are, ordinarily, appointed without requiring a bond from the party applying for such appointment, the courts have generally realized the necessity and duty of exercising great caution and circumspection. The bill is defective in some material respects. Whilst averring the conclusion of fraud, it does not sufficiently allege the facts, from which the conclusion arises, either by assailing the *bona fides* of the indebtedness secured by the mortgages, or otherwise; and does not charge, that the grantees had notice of the fraudulent intent imputed to the grantor. As these defects may be cured by amendment we do not propose to consider on this appeal, whether the case made by the bill, if it were properly amended, would be·sufficient to require or justify the appointment of a receiver. Such consideration will be premature, until the bill is perfected, and the parties have had an opportunity of being heard.

The statute confers on the chancellor the power to appoint receivers. The application must be in writing; and when made in vacation, reasonable notice of the time, and the person to whom it will be submitted, must be given, or a good reason shown for the failure to give the same. *Code*, § 3881. Without discussing whether the facts stated in the bill, which was verified, show a sufficient reason for the failure to give notice, the question being now immaterial, it is evident that the power to appoint receivers in vacation can only be exercised in a pending suit. The filing of the bill is the commencement of the suit. *Code*, § 3759. There was no suit pending at the time the order appointing the receiver was made; and the chancellor was without jurisdiction. The direct question was decided adversely to the power of the chancellor in *Crowder v. Moore*, 52 Ala., 220; *Ex parte Whitfield*, 2 Atk. 315; *High on Recs.*, § 17. It is urged, however, that as the order was made, and the receiver qualified by giving the requisite bond on the day the bill was filed, the order should be allowed to have effect as of that date. As the chancellor was without jurisdiction, the order is void. It did not constitute a foundation on which to predicate any proceedings, and the subsequent filing of the bill did not impart to it any effect or validity.

Reversed and remanded.