### Ex parte GOODWYN.

### 6 Div. 381.

Supreme Court of Alabama.

June 8, 1933.

Rehearing Denied June 22, 1933.

London, Yancey & Brower, of Birmingham, and Robert T. Goodwyn, Jr., and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for petitioner.

Wm. S. Pritchard, E. Crampton Harris, and Thos. H. Fox, all of Birmingham, for respondent.

BROWN, Justice (after stating the facts as above).

The petitioner rests his right to the issuance of the writ of prohibition on the alleged fact that he is a receiver, by appointment of the circuit court of Montgomery county, of all the assets of the National Surety Com-

pany, and that the subsequent appointment of receivers by the circuit court of Jefferson county is an unwarranted interference with his constructive possession of the property, and an abuse of its jurisdiction by the Jefferson county circuit court.

The respondent, on the other hand, asserts that the petitioner is not a receiver, that the jurisdiction of the circuit court of Montgomery county was not efficaciously invoked by the filing of a bill by a party or parties having a lien or claim against the property or assets of the National Surety Company, or a right to subject said property and assets to equitable process, and the alleged appointment is void.

Respondent also asserts that said appointment was void because it was made without requiring Greer as superintendent of insurance, upon whose application petitioner was appointed, to give bond as required by section 10115 of the Code of 1923.

In response to these assertions, the petitioner contends that this is a collateral attack on the order of the court making the appointment, and unless the proceedings of the appointing court were coram non judice, the writ should issue.

These contentions clearly present the questions to be determined on this hearing.

■ It is familiar law that the appointment of receivers is a part of the jurisdiction inherent in courts of equity, based on the inadequacy of the remedies at law, intended to prevent injury, waste, or destruction of the property *in controversy,* and to preserve it pendente lite for the benefit of *all parties,* to be finally disposed of as the court may direct. The proceeding is quasi in rem like unto an equitable attachment and becomes similar in legal effect to an attachment at law, bringing the property affected into custodia legis. Strother et al. v. McCord, Circuit Judge, 222 Ala. 450, 132 So. 717; Scott v. Ware, 65 Ala. 174; 23 R. C. L. p. 9, § 3.

■ Where two or more suits are pending in the same or different courts or divisions, involving the same property as to which a receiver is required, Rules 110 and 111 of Chancery Practice (Code 1923, p. 942), designed to prevent clash of jurisdictions, provide the course of procedure, in the absence of fraud or collusion in the appointment of a receiver, limiting the power of appointment to one of such courts, and under well-settled principles of law, when the jurisdiction of one court is efficaciously invoked and jurisdiction is assumed, this excludes all other coordinate jurisdictions. Gay, Hardie & Co. v. Brierfield Coal & Iron Co., 94 Ala. 303, 11 So. 353, 16 L. R. A. 564, 33 Am. St. Rep. 122; Alabama National Bank v. Mary Lee Coal & Railway Co. et al., 108 Ala. 288, 19 So. 404; Mercantile Trust & Deposit Co. v. Florence Water Co., 111 Ala. 119, 19 So. 17;

Strother et al. v. McCord, Circuit Judge, supra.

■ As a general rule, a receivership is purely ancillary to the main cause of action, and not an independent remedy, and therefore the jurisdiction of the court cannot be invoked to the appointment of a receiver, except in cases affecting infants, idiots, and lunatics, unless there is a pending suit brought to obtain some relief which the court has jurisdiction to grant. Crowder, Newman et al. v. Moone, 52 Ala. 221; Harwell v. Potts, 80 Ala. 70; Howell & Howell v. Harris-Cortner & Co., 168 Ala. 383, 52 So. 935, Ann. Cas. 1912B, 234; 4 Ann. Cas. note page 66; 23 R. C. L. p. 12, § 6; note 72 Am. St. Rep. 30.

■ While the proceedings invoking the appointment of a receiver, on application for writ of prohibition to this court, in the exercise of its constitutional power of supervision over courts of inferior jurisdiction, will not be examined with technical scrutiny, yet from an inspection of the proceedings it must appear that they are such as are authorized in courts of equity, that they were instituted by a party who has an interest to be affected, that the subject-matter is within the jurisdiction of the court, and that the danger and injury sought to be averted are real and pressing. Ex parte Walker, 25 Ala. 81.

In the Walker Case the court observed: "Nor do we esteem it necessary to the exercise of these powers in the first instance, that *the bill,* which invokes the aid of a court of chancery, should be drawn with such technical accuracy as to defy a demurrer for every special cause relating to parties or form, in respect to which, if it were defective, the defect might be readily supplied by an amendment, which would be allowed as a matter of course. It is enough, if it be shown, *by some persons having an interest* that the subject-matter is within the jurisdiction of the court, and that the danger and injury sought to be averted are real and pressing. So that, in passing on the question arising on this motion, it is not necessary for the court to decide upon the technical accuracy of the bill in all its details, but simply to inquire, whether, conceding the truth of the substantial allegations of the bill, *the court entertaining it had jurisdiction of the subject-matter and the parties.* These things premised, we proceed to a general examination of the bill under consideration. It is filed by persons *who represent themselves to be creditors,* by judgment or specialty, of the estate of J. C. Watson, deceased," etc. Ex parte Walker, 25 Ala. 101. (Italics supplied.)

■ Applying the stated principle to the instant case, it appears that no suit was pending in the circuit court of Montgomery county when Greer filed his ex parte petition

therein, and it also appears that he had no claim or interest in the subject-matter which his petition undertook to bring within the grasp of the court's jurisdiction, either in his official capacity or as an individual.

■ The office of superintendent of insurance is a creature of the statute, and his duties are defined by the statute and are purely ministerial, and relate in general to regulating and controlling the business of insurance in this state. Code 1923, § 8327. He is authorized to proceed for the appointment of a receiver in only one class of cases. Code 1923, § 8344.

That section provides: "If upon examination, the insurance commissioner is of opinion that *any domestic* insurance company is insolvent, or has exceeded its powers, or has failed to comply with any provision of the law, or that its condition is such as to render its further proceedings hazardous to the public, or to its policy holders, he shall apply to a court of competent jurisdiction *through the attorney-general* of the *state*, to issue an injunction restraining it, in whole or in part, from further proceeding with its business," etc. (Italics supplied.)

■ Applying the familiar maxim, "expressio unius est exclusio alterius," the grant of power to proceed against domestic insurance companies impliedly denies the power to proceed against any other class. The National Surety Company, a foreign corporation, was not within the influence of this statute.

When this section of the Code is considered in connection with section 854, it would seem that the legislative intent was to authorize the Attorney General, at the request of the commissioner of insurance, to institute the proceedings in the name of the state, and not in the name of the insurance commissioner. This question, however, is not presented in this case and we pass it with this suggestion.

If it be conceded that the ex parte petition filed by Greer as superintendent of insurance was subject to amendment so as to make it an adversary proceeding, which we doubt, such amendment could not give life to an order that is void for want of jurisdiction. Harwell v. Potts, supra.

■ Moreover, from the proceeding of the New York court, brought forward by the amendment, it clearly appears that that was a statutory proceeding filed at the instance of the surety company, for the purpose of rehabilitation and reorganization, in the interest of the corporation, and that its effect was to suspend, in that state, the rights of creditors and to delay them in the enforcement of their claims. Such proceeding is not authorized by the insurance laws of this state, and is inefficacious to authorize or aid the proceedings in the circuit court of Montgomery county.

■ For the reasons stated the jurisdiction of the circuit court of Montgomery county was not efficaciously invoked to appoint a receiver, and the petitioner, on the showing made, is not entitled to the writ. 50 C. J. p. 701, § 106.

The rule nisi, therefore, must be quashed, and the petition will be dismissed. It is so ordered.

Writ denied; petition dismissed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

### On Rehearing.

BROWN, Justice.

The petitioner insists that in disposing of this case, the court "failed to take into consideration the chief point made by the petitioner—that the petition of the Superintendent of Insurance invoked the jurisdiction of the Montgomery Circuit Court for the protection of a *trust*."

The court had this question in mind in holding that "the office of Superintendent of Insurance is a creature of the statute, and his duties are defined by the statute and are purely ministerial," etc., and we may add, he is not the custodian of the securities, which the statute requires to be deposited with the state treasurer, for a specific purpose. Code 1923, § 2642.

And his statutory duty in respect to these securities is to see that securities of sufficient amount and value are kept on deposit with the state treasurer, at all times, and direct the sale by the treasurer, in a proper case, of a sufficient amount of such securities to pay judgments obtained against the depositor of the securities, which remained unpaid, and not superseded, after the expiration of thirty days. Code 1923, § 2649.

The state treasurer is the trustee and the statutory custodian of the securities deposited under the provisions of section 2642 of the Code, and "the decisions seem to indicate a disposition, if not a settled rule, on the part of the courts, to hold that the state official cannot be compelled to turn the deposit over to the receiver, unless the statute either, in plain words or by implication, so directs. The reason underlying such rule is that the state officer has been by law made trustee of the fund for a special use, and in the absence of fraud on the part of the trustee the court has no power to hinder him from performing his trust." 23 R. C. L. p. 50, § 53; Id., p. 31, § 28; Vandiver et al. v. Poe et al., 119 Md. 348, 87 A. 410, 46 L. R. A. (N. S.) 187, Ann. Cas. 1914D, note 439, 440.

Application for rehearing is overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.