18 So.2d 552

**GLADDEN et al. v. MACRI.**

**8 Div. 268.**

Supreme Court of Alabama.

June 15, 1944.

Marion F. Lusk, of Guntersville, for appellants.

606

Claude D. Scruggs, of Guntersville, for appellee.

**BROWN, Justice.**

J. C. Elder died in Marshall County, Alabama, and left surviving his widow Duskie Elder and ten children; five born of a former marriage and five born of the marriage with Duskie. The first five children at the time of Elder's death were adults and the other five minors.

At the time of his death Elder owned a half interest in a farm consisting of, according to the allegations of the bill, 30.6 acres, and his wife owned the other half interest. Elder also owned a small parcel of land nearby the farm 100 feet in width and running back, of equal width, 185 feet.

The two tracts or parcels at the time of his death were occupied by the decedent, his wife and minor children, as a homestead. The five adult heirs have conveyed their entire interest to the widow and they have no further interest.

Mrs. Elder, now Mrs. Milwee, was in 1936 appointed by the Probate Court of Marshall County as the administratrix of the estate of her deceased husband, and subsequent to her appointment, the administration of the estate was removed to the Circuit Court of Marshall County, in Equity, for further administration. In the course of the administration, on April 1, 1937, to quote the bill: "This court made an order that the widow, Duskie Elder Milwee, and the other parties to this proceeding all of whom were minor children at that time, were authorized and permitted to retain possession of the homestead, free from the payment of rent, until the same should be sold or until there is a division of the lands of decedent. Said lands have not been sold and neither tract of said land can be equitably divided or partitioned among the joint owners without a sale of the same and a division of the proceeds, and it is to the best interest of all parties to this proceeding that the same be sold and the proceeds divided."

Homestead exemptions have not been set apart to the widow and minor children, but the widow and the youngest child are in possession and using the property as a homestead.

The bill is filed by one of the minors, Nellie Joe, who is over eighteen years of age and a married woman, against the widow individually and as the administratrix of the estate, and the four other children of the last marriage, one of whom, Argell Elder Gladden, has reached her majority and is sui juris, seeking a sale of the lands for division among the alleged joint owners, alleging that the widow owns a one-half interest in the property in her own right, and that the complainant and the other defendants each own a 1/10th interest.

Appellee, in brief, asserts that the bill was filed under the provisions of § 690 of the Code 1940, Tit. 7, and said section is the only authority cited by appellee to sustain her right to maintain the bill.

Said section 690 does not deal with the sale of property affected with homestead rights, but with the disposition of funds derived from a sale as provided in § 688 of the same title, and money paid to the personal representative by the person or persons to whom property incumbered with homestead rights is devised by will to clear the property of such homestead rights, as provided in § 689.

Said sections 688, 689 and 690 are in pari materia with § 661, Tit. 7, Code 1940, which provides for the allotment of a homestead to the widow and minor children of the decedent, and that, "It shall not be sold or partitioned by order of any court until the death of the widow and the youngest child is of age, except by the order of the circuit court in equity, *for reinvestment,* with the consent of the widow, in writing, if living."

Moreover, the widow is entitled to retain possession of the homestead until exemptions are set apart, and her dower is assigned, under her right of quarantine. Hopkins v. Crews et al., 220 Ala. 149, 124 So. 202; Forman v. McAnear, 219 Ala. 157, 121 So. 538.

The bill is without equity and the court erred in overruling the demurrer.

Reversed and remanded.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.