38 So.2d 865

**JORDAN v. JORDAN et al.**

**7 Div. 983.**

Supreme Court of Alabama.

Feb. 17, 1949.

Miller & Pittman and Edw. B. Miller, all of Gadsden, for appellant.

Hood, Inzer, Martin & Suttle, of Gadsden, for appellees.

BROWN, Justice.

Solon A. Jordan died intestate August 3, 1947, and on August 8, 1947, letters of administration on his estate were granted to Wilmer Lee Jordan. The bill in this case was filed by Jarrell J. Jordan on April 23, 1948. The administration of said estate was still pending in the probate court and the administrator was not made a party to the bill. The only parties defendant are Wilmer Lee Jordan, Frank H. Jordan, Andrew J. Jordan and Mary J. Jordan, in their individual rights, the last named being the widow of the decedent.

The bill avers that the complainant and defendants named are the only heirs at law and the widow of said decedent. That the notice to all creditors of the estate of Solon A. Jordan, deceased, to file claims against said estate was duly published in the Gadsden Times, a daily newspaper published in Etowah County, Alabama, once a week for three successive weeks, beginning on the 18th of August, 1947. That more than six months have elapsed since that notice was published and there

are no pending claims against said estate, and that all debts, including the funeral and expenses of the last illness have been paid. That said decedent died seized and possessed of some 324 lots or parcels of land, situated in several additions laid off and platted in blocks, lots and streets, situated in Etowah County, Alabama.

As to one of the parcels it is alleged that the complainant with the other heirs has a "one-half interest in a lot 150 ft. wide which runs across the N-½ of the NE-¼ of Section 24, Township 12, Range 6, east of the Huntsville Meridian, being 4-½ acres, more or less, situated and lying and being in Etowah County, Ala." Who owns the other half interest in said lot or parcel of land does not appear from the allegations of the bill.

It is further averred in the bill that all of said property, with the improvements thereon, is jointly owned by the complainant and the other three heirs. That Mary A. Jordan is the surviving widow of Solon A. Jordan, deceased, entitled out of said described lands to homestead exemptions and dower rights, which have not been set apart to her, and that after the said surviving widow's homestead and dower rights and interests have been determined and set apart to her, the plaintiff and the other named defendants, to wit: Wilmer Lee Jordan, Frank H. Jordan and Andrew J. Jordan, each own an undivided one-fourth interest in said real estate described in paragraph four. The bill concludes: "Plaintiff avers that the lands described in Paragraph Four above, after the said surviving widow's homestead and dower rights and interests have been set apart cannot be equitably divided among the joint owners and tenants-in-common to said property and that it will be to the best interest of the said joint owners and tenants-in-common that their interests in the said lands described in Paragraph Four above, be sold for partition and division."

The bill prays that the court "appoint Commissioners to appraise and set apart to Mary J. Jordan, as the surviving widow of Solon A. Jordan, deceased, her homestead and dower rights and interests in and to the lands described in Paragraph

Four of this Bill of Complaint," and "after said surviving widow, Mary J. Jordan's, homestead and dower rights and interests have been carved out and set apart to her, that the remaining lands and real estate described in Paragraph Four of this Bill of Complaint be sold for partition and division among the joint owners and tenants in common, according to the law made and provided in such cases." That the "Register be ordered to hold a reference to ascertain a reasonable fee to be paid to the plaintiff's attorneys of record for the services rendered in this cause," and for any further and different relief that he may be entitled to under the premises.

The defendants demurred to the bill on sundry grounds, assigning, among others, that the bill is without equity; that from the facts averred therein the plaintiff is not entitled to relief; that the plaintiff has a complete and adequate remedy in the probate court; that it appears from the allegations of the bill that the administration proceedings on the estate of Solon A. Jordan, deceased, are now pending in the Probate Court of Etowah County, which is the proper forum to grant the relief prayed; that the plaintiff is attempting by the institution of this suit to supersede the orderly administration of the estate of Solon A. Jordan, deceased; that it appears therefrom that the homestead exemptions of the widow, Mary J. Jordan, have not been set aside and allotted to her; that it appears therefrom that the dower interests of the widow, Mary J. Jordan, have not been set aside and allotted to her; that the adjudication of the homestead exemptions and the allotment of dower to the widow are confined to the administration proceedings pending in the probate court; no facts are averred showing that said real estate is not capable of partition without sale; treating the averments of the bill as true, as must be done on demurrer, it appears from the allegations of the bill that said property can be partitioned in kind among the joint owners. The court sustained the demurrer and complainant appealed.

It is familiar law, applicable to the case in hand, that when a court of competent jurisdiction has become possessed of a case its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of, and no court of concurrent jurisdiction will interfere in the absence of a showing that some special equity exists in favor of the complaining parties with which the court first taking jurisdiction is without authority to deal. This principle is essential to the proper and orderly administration of the law; and while its observation might be rested on the grounds of judicial comity and courtesy, it does not rest upon such consideration exclusively, but is enforced to prevent unseemly, expensive and dangerous conflicts of jurisdiction and process. Allen v. Investors Syndicate et al., 247 Ala. 386, 24 So.2d 909; Hamby et al. v. Hamby et al., 165 Ala. 171, 51 So. 732, 138 Am.St. Rep. 23.

The probate court is clothed with general jurisdiction to administer the estate of persons dying intestate, to set apart exemptions to the widow, protect her quarantine rights in the property, ascertain and allot her dower interest and after the widow's rights are protected, if need be, to order the sale of the property for division among persons entitled to the proceeds, if it cannot be partitioned in kind and if it can be partitioned in kind, to proceed to make such partition. Code of 1940, Tit. 13, § 278; Tit. 7, §§ 670–704; Gardner et al. v. Gardner, 244 Ala. 107, 11 So.2d 852.

Under the authorities, the matters at issue in this case were due to be settled in course of the administration of the estate, in the absence of special equities with which the probate court could not deal. Hopkins v. Crews et al., 220 Ala. 149, 124 So. 202; Gladden et al. v. Macri, 245 Ala. 605, 18 So.2d 552; Hamby et al. v. Hamby et al., supra; Garth v. Ewing, 218 Ala. 143, 117 So. 665. Apt illustration of the necessity to resort to a court of equity is found in Finlay v. Kennedy,

250 Ala. 33, 32 So.2d 883; Kelly v. Kelly, 247 Ala. 316, 24 So.2d 265.

The decree of the circuit court is free from error.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.