55 So.2d 922

**HUSTON v. HUSTON.**

**3 Div. 620.**

Supreme Court of Alabama.

Jan. 3, 1952.

Morel Montgomery, Birmingham, for appellant.

John R. Matthews, Jr., and Ball & Ball, Montgomery, for appellee.

BROWN, Justice.

The appeal in this case is by the defendant named in a bill for divorce from bed and board filed by his wife on June 16, 1951, from the decree of the circuit court, in equity, entered and enrolled on the 24th day of July, 1951, overruling said defendant's motion to discharge and motion to dissolve the temporary injunction granted ex parte without bond on the date of filing the bill, enjoining and restraining the appellant from prosecuting a divorce proceeding previously commenced by him in the Circuit Cour of Jefferson County, in Equity.

The fact of the previous filing of the bill by appellant on May 22, 1951, is alleged in the bill filed by appellee along with the statement that "respondent (appellant) falsely represented himself to be a bona fide resident of Jefferson County, Alabama."

The record shows that the wife through her solicitors made special appearance and filed a sworn plea in abatement in the proceeding in the Circuit Court of Jefferson County, alleging that she was a bona fide resident of Montgomery County and that the separation occurred in Montgomery County.

The husband, on the other hand, in support of his motion to dissolve the injunction for want of equity in the bill, filed a full and complete answer, reaffirming under oath his bona fide residence in Jefferson County, alleging that he was engaged in work for the United States and the State and that the location of his work was subject to change from time to time. That at the time of his last marriage to his said wife he was located in Washington and she implored and begged him to take her back on account of their infant daughter. After their reconciliation his work was changed to Montgomery but he always claimed his residence in Jefferson County to her knowledge, where he maintained his voting place. That his place of work was subsequently changed to Bynum, Alabama, and although he implored and begged his wife to come to Bynum where they could be together, she refused to do so and refused to return to Birmingham to live in his home there and abandoned him and refused to return to the place of their residence which he selected.

The motions to discharge and dissolve the injunction were filed July 16, 1951. Thereafter on July 20th, on allowing an amendment to the oath verifying the allegations of the bill, the court granted a fiat, fixing the amount of the injunction bond at $100.00.

In Gay, Hardie & Co. v. Brierfield Coal & Iron Co., 94 Ala. 303, 308, 11 So. 353, 354, 16 L.R.A. 564, 33 Am.St.Rep. 122, this court observed: "The principle is universally acknowledged that, when two courts have concurrent jurisdiction, that which first takes cognizance of the cause has the right to retain it to the exclusion of the other; * * * no other court can interfere, and wrest from it the possession and jurisdiction first obtained. As was said in Peck v. Jenness, 7 How. (612) 624, 625, [12 L.Ed. 841]: 'Where a court has jurisdiction, it has a right to decide every question which occurs in the cause; and, whether its decision be correct or otherwise, its judgment, till reversed, is regarded as binding in every other court; and that where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, has once attached, that right cannot be arrested or taken away by proceedings in any other court. These rules have their foundation not merely in comity, but in necessity; for if one court may enjoin, the other may retort by injunction, and thus the parties be without remedy, being liable for a process for contempt in one if they dare to proceed in the other. * * *.' "

This holding was reaffirmed and followed in Ex parte Goodwyn, 227 Ala. 173, 149 So. 216, and in Ex parte Textile Workers Union of America, 249 Ala. 136, 30 So.2d 247.

The facts alleged in the appellee's bill, when the foregoing principle is applied, rendered the bill without equity and insufficient to support injunctive relief. The court erred in overruling the motion to dissolve the injunction.

Reversed and remanded.

All the Justices concur.