Sharron W. Swigert and Mark E. Swigert were divorced by order of the Circuit Court of Mobile County on June 29, 1987. That judgment incorporated an agreement signed by the parties relative to the division of their property, payment of alimony in gross and marital debts by the husband, and other matters incident to their divorce. On October 13, 1987, the husband filed a motion pursuant to Rule 60(b), Alabama Rules of Civil Procedure, entitled "Petition for Relief from Judgment or Order" in the Circuit Court of Baldwin County. The wife moved to dismiss said petition on the ground that the Baldwin County court lacked the authority to grant the relief sought. Her motion to dismiss was denied.
In June 1988, the Baldwin County trial court granted the husband's 60(b) motion in part pending a final hearing. Shortly thereafter, motions filed in Mobile County by the wife to enforce the terms of the divorce were transferred to Baldwin County. The trial court conducted an evidentiary hearing in September 1988, and entered a final judgment on December 22, 1988, which further modified the terms of the divorce. The wife then perfected a timely appeal to this court.
The dispositive issue on appeal is whether the Circuit Court of Baldwin County had the legal authority to grant the husband's motion for relief from a judgment of divorce entered in Mobile County. We find that it did not.
It is well settled that, when two circuit courts have equal and concurrent jurisdiction, the court which first exercised its jurisdiction in a matter has preference. Rush v. Simpson,373 So.2d 1105 (Ala.Civ.App. 1979). The court where jurisdiction has first attached has the exclusive right to continue to exercise its power, subject only to appellate authority, until the matter before it is finally and completely disposed of. Jordan v. Jordan, 251 Ala. 620, 38 So.2d 865
(1949). Such jurisdiction of that circuit court extends to proceedings which are ancillary or incidental to the matter before it, as well as to proceedings for the enforcement of its decrees. Rush v. Simpson, supra.
Another court with concurrent jurisdiction may, nevertheless, act in the same matter if there is no objection to its doing so. Sheffield v. Sheffield, 350 So.2d 1056 (Ala.Civ.App. 1977). A court of concurrent jurisdiction may also take action upon a showing that some special equity exists in favor of a complaining party with which the court first having jurisdiction is without authority to deal. Jordan v. Jordan,supra.
These principles are essential to the proper and orderly administration of the law. They must be enforced in order to promote judicial comity and courtesy, as well as to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and process. Jordan v. Jordan, supra; Rush v. Simpson, supra.
Although the parties here are residents of Baldwin County, they submitted to the jurisdiction of Mobile County by agreement and obtained their divorce there. Clearly, the Circuit Court of Mobile County had the authority to deal with the husband's 60(b) motion for relief from its judgment of divorce. Since the wife objected to the assumption of jurisdiction by the Circuit Court of Baldwin County, we find that Baldwin County erred in exercising jurisdiction in this instance.
We note that the husband correctly asserts that relief from a judgment may be *Page 609 
sought via the commencement of an independent action in a court different from that which rendered the judgment. We agree that he could have sued his former wife for fraud in a separate cause of action in Baldwin County. He chose, instead, to seek to set aside the divorce judgment pursuant to Rule 60(b) in a forum which did not have the legal authority to grant him the relief he sought.
The Baldwin County court's modification of the Mobile County judgment was an impermissible interference with the jurisdiction of the Circuit Court of Mobile County over this matter. The judgment of the Circuit Court of Baldwin County is, therefore, reversed, and the cause is remanded to that court for entry of an order reinstating the final judgment of divorce entered in Mobile County on June 29, 1987. The Circuit Court of Baldwin County is further directed to transfer the 60(b) motion to the Circuit Court of Mobile County.
Other issues raised by the wife are pretermitted.
The wife's request for attorney's fees on appeal is granted in the amount of $500.00.
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON and RUSSELL, JJ., concur.