RUSSELL, Judge.
Robert Marcus McClain (father) filed a petition asking the trial court to modify a judgment of divorce which granted custody of his three minor children to Paula Joanne McClain Daniel (mother) and to award him custody of the children. The trial court ordered that custody of the children be granted to the father, based on an agree *70 ment of the parties. The mother appeals. We affirm.
The dispositive issue is whether the trial court erred in finding that there was an agreement of the parties to change custody to the father.
Initially, we note that, where evidence is presented ore tenus, the trial court’s determination is presumed correct and must be plainly and palpably wrong to be set aside. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988).
The record reveals that the parties were divorced by the trial court and that custody of the children was granted to the mother. Subsequent to the divorce the mother remarried and, because of an abusive domestic situation, gave physical custody of the children to the father. The children had been with the father some thirteen months at the time that he filed the petition to modify.
On July 21, 1989, in response to the petition to modify, the trial court issued an order granting temporary legal custody of the children to the father and ordering that neither party was to remove the children from the jurisdiction of the court without permission. On September 10, 1990, the trial court entered an order modifying the judgment of divorce and granting primary care, custody, and control of the children to the father. In a subsequent order issued in response to a motion for new trial, the trial court held that the parties had reached an agreement on February 1, 1990, at a hearing on the petition to modify and that, since the attorneys had not provided an order to be signed by the court, the court had entered an order pursuant to the agreement of the parties.
The mother contends that the trial court abused its discretion by modifying the final judgment of divorce when there was no evidence to support a modification and no agreement by the parties.
Ordinarily, a change of custody when there has previously been an award of custody to one parent may be granted only when there is a showing that the change will materially promote the child’s welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984). However, in the present case there is a question of an agreement between the parties. Although the mother states that there was no agreement between the parties, the trial court’s order on the motion for new trial indicates that there was such an agreement.
In its order, the trial court found as follows:
“The Court then held an ore tenus hearing on the Motion for New Trial and heard witnesses for the Movant. After hearing the testimony, the Court finds that an agreement had been reached by the parties on February 1, 1990.
“The Court further finds that an order had not been provided to the Court by the attorneys.
“The Court further finds that upon learning an order had not been provided to the Court, the Court put up an order pursuant to the agreement entered on February 1, 1990.
“The Court further finds that the order of September 10, 1990, is pursuant to the agreement reached by the parties.”
The trial judge also stated at the hearing on the motion for a new trial that the following occurred at the February 1, 1990, hearing: both parties were called to the bench, put under oath, and the agreement was dictated into the record by the attorney for the father; the mother interjected other things that she wanted, and these were also in the transcript; and the trial court ordered a transcript of the proceeding when an agreed order was not filed with the court and then prepared its own order in accordance with the agreement.
“An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court.” Ala.Code 1975, § 34-3-21. (Emphasis supplied.) Here the trial court stated that the agreement was made by an agreement by the parties, as well as their attorneys, and was transcribed by the court reporter.
*71 Although the mother denies that there was an agreement at the hearing, and this court has not been provided with a transcript of the hearing on the petition to modify where the agreement was purportedly made, part of the transcript from that hearing was read at the hearing on the motion for new trial. We find that that evidence supports the trial court’s determination that an agreement was reached by the parties.
Therefore, since there was an agreement, we find that the McLendon standard for change of custody is not applicable to the instant case and further find that the trial court’s determination is not plainly and palpably wrong.
Based on the above, we pretermit a discussion of other issues presented by the mother as unnecessary.
This case is due to be affirmed.
The mother’s request for an attorney’s fee for representation on appeal is hereby denied.
AFFIRMED.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs in result only.