This is a post-divorce child custody case.
G. Wayne Ashbee and Shalah Ashbee Cozart were divorced in July 1982, at which time the mother was awarded custody of the two minor children. In June 1989, the father filed a motion to modify the judgment wherein he requested custody of one of the parties' sons. The mother counterclaimed for increased child support.
Following an ore tenus proceeding, the trial court found that while the 12-year-old son desired to live with his father in Mobile, and while some additional educational benefits might be available to him in Mobile, nevertheless, those "factors taken together do not outweigh the potentially disruptive effects of removing [the son] from the home he shares with his mother, stepfather, brother and half-sister." As a result, the trial court specifically found that the proposed change of custody would not materially promote the son's welfare, and it denied the father's petition to modify custody. Concomitantly, the trial court increased the father's child support to $700 per month, based upon the increased needs of the children. While the father filed a timely notice of appeal, he did not pursue the same, and the appeal was dismissed by this court on motion of the mother in April 1990.
In July 1990, the father again filed a motion, inter alia, seeking custody and reduced *Page 1105 
child support, and seeking a rule nisi against the mother for denying him visitation. The mother answered and filed a motion to dismiss the petition for modification because it was filed three months after the father's appeal was dismissed by this court, and she alleged that it was filed merely for the purpose of harassment. Additionally, the mother counterclaimed for a rule nisi, alleging the father to be in contempt for not having paid certain medical expenses of the children, or attorney fees.
The trial court granted the mother's motion to dismiss the motion to modify, with leave for the father to amend, alleging facts showing that a change in custody would materially promote the welfare of the child, and the extent to which these facts had arisen since the last hearing. No such amendment was filed. A hearing on the remaining issues was held in October 1990, whereafter the trial court found the father in contempt for having failed to pay past-due child support and certain medical bills. Additionally, that order reduced the father's current support obligation to $500 per month and it awarded an attorney fee to the mother.
In November 1991, the father filed another petition for change of custody, alleging that the child had been living with him in Mobile since July 1991, by agreement of the parties, and that the child was attending school there. In her answer, the mother admitted that the son had been living with his father in Mobile since July 1991, by agreement, but denied that the child desired a permanent change of custody, and further denied that a change in custody would materially promote the child's welfare. Again, the mother filed a petition for rule nisi for past-due child support. In January 1992, after another ore tenus proceeding, the trial court ordered that the father "will continue to have actual custody of [the son] until the end of the present school year," and specified obligations of the parties pertaining to notification of grades, to visitation, and to transportation. Again, the trial court found the father in contempt for failure to pay past-due child support, and it provided him with a payment plan. No change of custody was entered.
The mother's motion to amend the judgment to order the father to pay certain medical bills and to pay a past-due legal fee, which was previously ordered by the court, was granted. Thereafter, the father's motion for new trial, or, in the alternative, to amend the judgment to order a permanent change of custody and to apply Rule 32, A.R.J.A., in setting the child support, was denied. Hence, this appeal.
On appeal, the father argues that the trial court erred in not changing the custody of the child to him, and that the trial court erred in refusing to set child support in accordance with the child support guidelines.
The father unpersuasively argues that because the parties had an agreement that the child would reside with him, the "best interest" test applies. He cites Daniel v. McClain,585 So.2d 69 (Ala.Civ.App. 1991), in support of his position. The facts of Daniel are distinctively different from the facts here.Daniel concerned an agreement that was dictated into the record and later incorporated into the trial court's order. Here, no such record of an agreement exists and there is dispute regarding the terms of any agreement between the parties. Accordingly, that distinction removes this case from the Daniel
exception to the general rule regarding a change of custody following a previous custody award. Ex parte McLendon,455 So.2d 863 (Ala. 1984). Additionally, voluntary agreements between divorced parents concerning child custody, without the blessing of a court order, are a legal nullity. Garrison v.Garrison, 557 So.2d 1277 (Ala.Civ.App. 1990).
The record reflects that at some point since the last ruling denying a change of custody, the parties informally agreed that the son would live with the father and attend school in Mobile. The dispute concerns the terms of the agreement. The mother argues that the arrangement for the child to live with the father was for only one school year, and that the child would then return to living with her, pursuant *Page 1106 
to the custody ordered in the divorce judgment. The father argues that the parties agreed that after that school year, the parties would renegotiate the child's custody. It appears that after hearing the evidence, the trial court determined that if any agreement existed between the parties, it was that the son would remain with the father for only the present school year. From the record, it appears that the son automatically returns to the mother's custody after the school year; however, matters of custody are never final, and the trial court retains jurisdiction to modify such during the child's minority.Swigert v. Swigert, 553 So.2d 607 (Ala.Civ.App. 1989)
Regardless, the issue raised by the father concerns the denial of his petition for custody of the child. Because there has been a previous custody determination between these parties, it is clear that the father here, as petitioner, must show that such a change in custody will materially promote the child's best interests and welfare and that such change will more than offset the inherently disruptive effect of uprooting the child. McLendon, supra. The preference of the son regarding his custody is entitled to much weight; however, the child's wishes are not controlling, because the primary consideration continues to be the child's best interests and welfare. Sellersv. Sellers, 555 So.2d 1117 (Ala.Civ.App. 1989).
Detailing further specifics of this case serves no legal purpose. Our careful and thorough review of the record reveals no indication that either parent has fallen short in regard to parental duties. There is evidence in the record that both parents love the child and that each desires and is capable of providing the son with a suitable home. A change of custody from one parent to another can be granted only where the evidence discloses an obvious and overwhelming necessity for the change. Whitfield v. Whitfield, 570 So.2d 700
(Ala.Civ.App. 1990). Here, the record is simply devoid of evidence to support altering custody from one suitable parent to another. Therefore, we find no error in the trial court's denial of the father's custody petition.
The father's second issue concerns the child support award. The law is clear regarding child support and its subsequent modifications. Although guided by the mandatory application of Rule 32, A.R.J.A., such matters are still committed to the sound discretion of the trial court, and its decision will not be disturbed absent a finding of an abuse of that discretion.Smith v. Smith, 587 So.2d 1217 (Ala.Civ.App. 1991).
It appears that the father desired modification of the child support obligation in accordance with the guidelines, based on a change of custody of the son. That argument fails since the custody was not changed, nor did the father show "a material change of circumstances that is substantial and continuing." Rule 32(A)(2)(i), A.R.J.A. To support his position, the father cites cases in which custody was changed or there were other material changes to consider in determining whether to modify a previous support order. He urges error in the trial court's refusal to apply the guidelines in setting the support.
The order did not modify child support. It is noteworthy that approximately one year prior to the father's most recent petition, the trial court reduced the father's support obligation for the two children who are in the legal custody of the mother pursuant to the divorce judgment. Absent a finding that there existed a material change in circumstances since that reduction, the trial court lacked authority to again modify the support obligation. Rule 32, A.R.J.A. The trial court did not find a change in circumstances since the last support order, and the record does not support such a finding. The father simply failed to show a sufficient change in circumstances to justify any modification, and the trial court never reached the point of determining whether application of the guidelines would be manifestly unjust or inequitable.Moore v. Moore, 575 So.2d 95 (Ala.Civ.App. 1990). *Page 1107 
Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.