THIGPEN, Judge,
concurring in the result only.
I agree that this case must be reversed and the cause remanded to the trial court; however, for different reasons. Modification of a prior decree for child support because of changed circumstances lies within the trial court’s discretion. Young v. Young, 376 So.2d 737 (Ala.Civ.App.1979). Moreover, the trial court’s judgment on such matters will not be disturbed on appeal absent a finding of palpable abuse of that discretion. Doyle v. Doyle, 579 So.2d 651 (Ala.Civ.App.1991). Thus, the gravamen of the trial court’s error was its abuse of discretion in refusing to find a change in circumstances that is substantial and continuing, requiring modification of the prior child support order.
Whether to apply the guidelines of Rule 32, Ala.R.Jud.Admin., in this case, is a determination that remains to be made by the trial court. See Ashbee v. Cozart, 611 So.2d 1103 (Ala.Civ.App.1992). The trial court may determine that application of the guidelines in this instance is unjust or inappropriate. Rule 32(A), Alg.R.Jud.Admin. See Stewart v. Kelley, 587 So.2d 384 (Ala.Civ.App.1991).
Therefore, I concur in the result that this case must be reversed; however, I would remand the cause for the trial court to either enter a modification order utilizing the guidelines, or to enter an appropriate modification order if it determines that application of the guidelines is inappropriate.