THIGPEN, Judge,
concurring in the result only.
I concur with the result reached by the majority; however, I cannot agree with the majority to reverse this custody ease by applying the “best interest” standard. The prior joint custody order specifically placed physical custody of the child with the mother, and the legal standard required to be shown by a subsequent petitioner seeking a modification of that order is the heightened standard espoused by our Supreme Court in Ex parte McLendon, 455 So.2d 863 (Ala.1984). Our Supreme Court has held that the McLendon standard applies in cases involving joint custody where one parent is favored. Ex parte Johnson, 673 So.2d 410 (Ala.1995); Ex parte Perkins, 646 So.2d 46 (Ala.1994).
Furthermore, it has been consistently held that parents cannot voluntarily and informally modify the terms of the divorce, and their decision to act inconsistently with the custody order does not alter the legal status of either party in a later custody proceeding. Ex parte Couch, 521 So.2d 987 (Ala.1988); Ashbee v. Cozart, 611 So.2d 1103 (Ala.Civ.App.1992); Garrison v. Garrison, 557 So.2d 1277 (Ala.Civ.App.1990); and Shepherd v. Shepherd, 531 So.2d 668 (Ala.Civ.App.1988).
The father’s petition asserted that there had been a material change in circumstances based upon the mother’s intention to relocate, and that “it would materially promote the interest of the minor child to remain” in the Hamilton area where the child has ex *1322 tended family and has lived all of his life, instead of moving the child to Mississippi.
It is noteworthy that, although the father’s modification petition is postured in the very terms of the McLendon standard, his original appeal brief argues that the best interest standard applies. In support of the trial court’s order, the mother asserts on appeal that the McLendon standard applied to the father’s modification petition, and that he failed to meet that burden to have custody changed. In reply, the father argues that if the McLendon standard applies here, “[i]n order to gain custody, [the mother] was required to prove that her proposed change in custody would ‘materially promote’ [the child’s] best interest and welfare. The benefits of moving [the child] must outweigh the traumatic effects caused by uprooting [the child] from his present custodian.”
The legal result of the trial court’s custody order does not change anything in regard to the status of the parties; i.e., it simply denied the father’s petition to change custody and reaffirmed the prior award of custody to the mother. In granting the relief sought by the mother’s petition, however, it appears that the trial court granted the mother permission to remove the child from the state, as required by the provision in the original judgment.
The majority also states that, after viewing the evidence in light of McLendon, it is clear that the change would promote the child’s best interest, “and that the positive good brought about by the change will more than offset the inherently disruptive effect caused by changing his residence from Mississippi back to his hometown of Hamilton.” (Citation omitted.) It appears to me that the disruptive effect caused by uprooting the child to be considered here is the effect of changing households in Hamilton or the effect of moving the child from Alabama to Mississippi. See Butts v. Startley, 600 So.2d 310 (Ala.Civ.App.1992); and Santmier v. Santmier, 494 So.2d 95 (Ala.Civ.App.1986).
It is noteworthy that the judgment of the trial court follows extensive ore tenus proceedings wherein numerous witnesses testified, including the eight-year-old child, both parties, character witnesses and relatives, and professionals who had taught, tested, and worked with the child. The voluminous record contains approximately 60 exhibits and over 700 pages of testimony, much of which is disputed.
The trial court’s brief order, however, does not specify which standard it applied in making its determination. Therefore, because I believe that the McLendon standard should be applied, the judgment of the trial court must be reversed, and the cause remanded for the trial court to reconsider the evidence and to enter an order utilizing the proper standard.
CRAWLEY, J., concurs.