CRAWLEY, Judge,
dissenting.
I respectfully dissent. The juvenile court’s February 12, 2003, order purporting to amend its January 7, 2003, judgment was a nullity because the former foster mother’s postjudgment motion seeking to amend the judgment to award her and her other foster children visitation with A.M.A. had already been denied by operation of law when the court failed to rule upon that motion by January 29, 2003. I would reverse the juvenile court’s order and instruct that court to vacate its order of February 12.
I wholeheartedly agree with the following statement in the main opinion:
“ ‘Following the reversal ... in [Ex parte W.T.M. (“W.T.M. Ill”), 851 So.2d 55 (Ala.Civ.App.2002)], nothing prevented the juvenile court, when it awarded primary custody of the child to E.T. and V.T., from ordering that that custody arrangement should be implemented with visitation between the child and her foster mother and foster siblings, if that arrangement was deemed by the court ... to be in the child’s best interests.’ ” *582 889 So.2d at 579 (quoting Ex parte E.T., [Ms. 2020423, September 12, 2003] — So.2d -, - (Ala.Civ.App.2003) (“W.T.M. IV’). In its January 7 judgment, the juvenile court did not order visitation with the former foster mother and foster siblings; the court encouraged visitation. The wording of the judgment indicates that, although the trial judge may have thought visitation was advisable, he specifically chose not to order it. The purported visitation “order” was entered on February 12, 14 days after the former foster mother’s postjudgment motion had been denied by operation of law. Thus, although I totally agree with the main opinion that the juvenile court had the authority to order visitation with the former foster mother and foster siblings, the real question is whether the court still had jurisdiction to enter any order after January 29. The answer is no.
Although a juvenile court’s orders in a dependency case are never “final” in the sense that the court retains jurisdiction during the child’s minority to modify its judgments upon a showing of changed circumstances, see Ashbee v. Cozart, 611 So.2d 1103, 1106 (Ala.Civ.App.1992), and Committee Comments, Rule 4, Ala. R.App. P., in order to exercise its continuing jurisdiction over a juvenile, the court must be presented with a properly filed new petition to modify its former judgment in which changed circumstances are alleged, cf. Ex parte Davidson, 782 So.2d 237, 240 (Ala.2000)(applying the principle with respect to modification of the child-custody provision in a divorce judgment), and Farmer v. Fanner, 842 So.2d 679 (Ala.Civ.App.2002)(applying the principle with respect to a petition to modify periodic alimony).
The main opinion in this case holds that the issue whether the January 7 judgment was final was addressed in W.T.M. TV and that the holding in W.T.M. IV as to this issue is “dispositive in the present case.” I consider the following facts (upon which the main opinion in W.T.M. IV relied in deciding that the juvenile court’s January 7, 2003, order was not final) to be legally insignificant insofar as determining the finality of the January 7 judgment is concerned: that Ex parte W.T.M., 851 So.2d 55 (Ala.Civ.App.2002) (W.T.M. III), was a plurality opinion and that W.T.M. Ill did not mandate that custody of the child be awarded to the paternal aunt and uncle.
The approach to determining the finality of the January 7 judgment used in the main opinion in W.T.M. IV and applied in this case will wreak havoc with the appeal-ability of juvenile court orders in dependency cases and, perhaps, other cases as well.
YATES, P.J., concurs.