MOORE, Judge.
K.M.G. appeals from a September 29, 2010, order, in which the Baldwin Juvenile Court (“the juvenile court”) purported to vacate its previous orders and judgments entered on and after June 10, 2010, and to set the matter for a new trial. We dismiss the appeal.

Background

On April 22, 2008, K.M.G. filed a petition with the juvenile court seeking a determination as to the paternity of “the child,” whom K.M.G. identified as K.T.A., and an award of custody of the child to K.M.G. K.M.G. identified the child’s date of birth as August 5, 2007, and he alleged that he and B.A. (“the mother”) had never married but that they had engaged in a sexual relationship around the presumed date of the child’s conception. K.M.G. further alleged that the mother had given birth to the child in Baldwin County but that she had since moved with the child to California.
The mother was served with the petition, and her attorney appeared for the sole purpose of quashing service of process.[1] Additionally, the mother, acting pro se, notified the court that her son had been born in Canada, and she sought to have the action proceed in a court that properly had jurisdiction, which, she asserted, was a Canadian court. On July 1, 2009, the juvenile court held a hearing, at which the mother did not appear. As a result, the juvenile court entered a default judgment holding that K.M.G. was the natural and legal father of the child and awarding him custody of the child.
On July 15, 2009, the mother filed a notice of appeal from the July 6, 2009, judgment; this court assigned that appeal case no. 2080972. Also on July 15, 2009, the mother, through counsel, filed in the juvenile court a “Motion to Vacate Court’s Order,” which was addressed to the juvenile court’s July 6, 2009, judgment. In support of that motion, the mother submitted a child-custody affidavit attesting that she was a legal resident of California; that the child had been born in Canada while the mother was married to someone other than K.M.G.; that certain statements made by K.M.G. in an affidavit filed with the juvenile court were false; and that, in his affidavit, K.M.G. had identified the child by an incorrect name and an incorrect date of birth.[2] The mother also submitted what she asserted was a copy of her marriage certificate to establish that she and T.P.S., who was deceased by the time of that filing, had been married on June 28, 2006, in the Dominican Republic. The juvenile court’s case-action-summary sheet indicates that the juvenile court scheduled a hearing on the mother’s motion for January 7, 2010.
On October 1, 2009, the mother moved this court to dismiss her pending appeal in case no. 2080972. On that same date, this *710 court dismissed the mother’s pending appeal.
On January 7, 2010, after a hearing, the juvenile court entered a judgment dismissing KM.G.’s paternity action based on K.M.G.’s lack of standing; thus, the juvenile court granted the mother’s motion to vacate the July 6, 2009, judgment. On January 21, 2010, K.M.G. timely moved to alter, amend, or vacate that judgment or, in the alternative, for a new trial. In that motion, he challenged the authenticity of the certifícate submitted by the mother as proof of her marriage.
On May 12, 2010, the juvenile court purported to enter a order denying K.M.G.’s postjudgment motion. On May 27, 2010, K.M.G. filed a subsequent postjudgment motion, seeking to alter, amend, or vacate the May 12, 2010, order or, alternatively, a new trial. On June 10, 2010, the juvenile court conducted a hearing on KM.G.’s second postjudgment motion and, according to the case-action-summary sheet, purported to grant that motion because the mother had failed to appear at the hearing.
On June 24, 2010, on K.M.G.’s motion, the juvenile court ordered the parties to submit to paternity testing. On June 29, 2010, K.M.G. moved the juvenile court to order the mother to submit to psychological testing; the juvenile court granted that motion on August 11, 2010. The juvenile court, on August 13, 2010, ordered that the child not be removed from Baldwin County pending further order of the court; that order also indicated that paternity testing was scheduled for September 3, 2010.
On August 31, 2010, the mother filed a “Motion to Vacate Court’s Order,” asserting that she was no longer in Alabama, that she had been unaware that the litigation had continued, and that she could not keep the child in Alabama without significant hardship on her family. On September 10, 2010, the juvenile court issued a writ of arrest for the mother for her failure to present the child for the court-ordered paternity testing.
On September 24, 2010, K.M.G. moved the juvenile court to hold the mother in contempt and to compel paternity testing. On September 29, 2010, K.M.G. attempted to engage in discovery with the mother, seeking a copy of the child’s birth certificate. According to the juvenile court’s case-action-summary sheet, it construed the mother’s August 31, 2010, motion as a motion to vacate all orders entered by the juvenile court on and after June 10, 2010; on September 29, 2010, the juvenile court granted that motion and scheduled a new trial for November 23, 2010.
On October 13, 2010, K.M.G. filed his notice of appeal to this court; he indicated that he was appealing from the juvenile court’s September 29, 2010, order, which, K.M.G. represented, had granted the mother’s August 31, 2010, postjudgment motion.

Analysis

On questions of subject-matter jurisdiction, this court is not limited by the parties’ arguments or by the legal conclusions of the lower court. Rather, “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Singleton v. Graham, 716 So.2d 224, 225 (Ala.Civ.App.1998) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). “ ‘ “[S]ub-ject-matter jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.’”” M.B.L. v. G.G.L., 1 So.3d 1048, 1050 (Ala.Civ.App.2008) (quoting S.B.U. v. D.G.B., 913 So.2d 452, 455 (Ala.Civ.App.2005), quoting in turn C.J.L. v. M.W.B., *711 868 So.2d 451, 458 (Ala.Civ.App.2003)). “[W]e are obligated to dismiss an appeal if, for any reason, [subject-matter] jurisdiction does not exist.” Ex parte Alabama Dep’t of Human Res., 999 So.2d 891, 895 (Ala.2008).
In the mother’s July 15, 2009, motion, the mother asserted, among other things, that the juvenile court’s July 6, 2009, judgment should be vacated because K.M.G. lacked standing to challenge the child’s paternity. Thus, the mother’s arguments in her motion to vacate the July 6, 2009, judgment were addressed to the subject-matter jurisdiction of the juvenile court. See State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999) (“When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction.”). See also Casey v. Casey, [Ms. 2090371, March 4, 2011] (Ala.Civ.App.2011)* (treating the husband’s motion as having been filed pursuant to Rule 60(b), Ala. R. Civ. P., rather than pursuant to Rule 59, Ala. R. Civ. P., because, in that motion, the husband alleged that the trial court’s judgment was void on due-process grounds); and Curry v. Curry, 962 So.2d 261, 263 (Ala.Civ.App.2007) (recognizing that a motion seeking relief from a judgment must be construed according to its substance and not its descriptive name or title). Because of the grounds asserted in the mother’s July 15, 2009, motion, we construe that motion as one filed pursuant to Rule 60(b)(4), Ala. R. Civ. P., rather than as a postjudgment motion filed pursuant to Rule 55 or Rule 59, Ala. R. Civ. P.[3]
In its January 7, 2010, judgment, the juvenile court granted the mother’s Rule 60(b) motion and vacated the July 6, 2009, judgment, finding that K.M.G. lacked standing to challenge the child’s paternity because the mother had been married to another man at the time of the child’s birth. See Ala.Code 1975, § 26-17-204(a)(1) (presumption of paternity arises when a man and the mother of the child are married to each other at the time of the child’s birth). See also State v. Property at 2018 Rainbow Drive, supra (recognizing that a trial court cannot acquire subject-matter jurisdiction when the plaintiff lacks standing).
On January 21, 2010, K.M.G. timely filed a postjudgment motion seeking to alter, amend, or vacate the January 7, 2010, judgment; however, the juvenile court did not rule on that motion within the time allowed by the Alabama Rules of Juvenile Procedure. See Rule 1(B), Ala. R. Juv. P. (“A postjudgment motion is deemed denied if not ruled on within 14 days of filing.”). Thus, KM.G.’s January 21, 2010, post-judgment motion was deemed denied as of February 4, 2010, and the juvenile court lost jurisdiction of the matter on that date. See, e.g., S.D.C. v. N.L., 864 So.2d 1089, 1091 (Ala.Civ.App.2002) (recognizing that a juvenile court loses all jurisdiction to act on a party’s postjudgment motion after that motion is deemed denied by operation of law and that any action taken by the juvenile court after that time is a nullity).
After the juvenile court lost jurisdiction, that court could have acted further on the paternity and custody issues based only on a properly filed Rule 60 motion to set aside *712 the judgment or on the filing of a new action. K.M.G. did not invoke the jurisdiction of the juvenile court through either type of action. Instead, the parties and the juvenile court mistakenly acted as if the original action remained pending based on the juvenile court’s untimely granting of KM.G.’s postjudgment motion. Because the juvenile court had lost jurisdiction to grant K.M.G.’s postjudgment motion, all orders and judgments entered by the juvenile court in this action after January 7, 2010, are void. See J.B. v. A.B., 888 So.2d 528, 582 (Ala.Civ.App.2004) (“An order entered by a trial court without jurisdiction is a nullity.”).
K.M.G.’s notice of appeal was filed from the September 29, 2010, order; that order, however, is void. “A void judgment will not support an appeal, and ‘an appellate court must dismiss an attempted appeal from such a void judgment.’” Colburn v. Colburn, 14 So.3d 176, 179 (Ala.Civ.App.2009) (quoting Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008)). Accordingly, we dismiss this appeal, albeit with instructions to the juvenile court that it vacate all orders and judgments entered after January 7, 2010.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, J., concur.
BRYAN, J., concurs in the judgment of dismissal only, without writing.
THOMAS, J., concurs in the judgment of dismissal, but dissents from the rationale, with writing.

. That attorney notified the juvenile court that he had been retained to represent the mother only as to the issue of service of process.

. The mother asserted that the child's name is B.T.S.-A. and that his date of birth is July 21, 2007.

 Note from the reporter of decisions: On July 29, 2011, the Court of Civil Appeals withdrew the March 4, 2011, opinion in Casey and substituted another one. The above reference was to note 1 in the March 4, 2011, opinion. The opinion substituted on July 29, 2011, contains the same note.

. A motion filed pursuant to Rule 60(b), Ala. R. Civ. P., is not subject to denial by operation of law. See R.L. v. J.E.R., 69 So.3d 898, 900 (Ala.Civ.App.2011) (citing Rule 59.1, Ala. R. Civ. P.; and Ex parte Keith, 771 So.2d 1018, 1021 (Ala.1998)).