MOORE, Judge.
B.C. and T.C. petitioned this court for a writ of mandamus directing the Cullman Juvenile Court (“the juvenile court”) to rescind an order entered by the juvenile court on October 27, 2014. That order provided:
“This action comes before the Court on the motion of the Cullman County Department of Human Resources to enjoin the parties from filing pleadings pertaining to the adoption and/or custody of G.M.G. in any court and/or jurisdiction other than the [juvenile court]. Upon review of the same, the Court finds that said motion is well taken and due to be GRANTED. It is, therefore, ORDERED that all parties to the present action are hereby enjoined and prohibited from filing further pleadings regarding the adoption and/or custody of G.M.G. in any court and/or other jurisdiction pending further order of this Court.”
“Initially, we note that the proper method to challenge an injunction is by a direct appeal under Rule 4(a)(1), Ala. R.App. P.” Ex parte B2K Sys., LLC, 162 So.3d 896, 903 (Ala.2014). Therefore, this court will treat the petition for a writ of mandamus as an appeal. See, e.g., Ex parte Hollis & Wright, P.C., 987 So.2d 530, 531 (Ala.2007).
B.C. and T.C. argue that the juvenile court lacked “authority to restrain [the] parties from legitimate legal recourse to the judicial process” and that the order violated their First Amendment right to access the' courts. They further argue that the juvenile court did not provide them with notice or an opportunity to be heard before entering the order. In response, the Cullman County Department of Human Resources (“DHR”) argues that the juvenile court’s order was in the best interests of G.M.G. (“the child”) to prevent B.C. and T.C. from acting on their stated intent to file a petition for adoption of the child in the Cullman Probate Court. DHR also argues that B.C. and T.C. had an opportunity to be heard before the juvenile court entered its order.
In Ex parte A.M.P., 997 So.2d 1008 (Ala.2008), our supreme court held that a probate court had acted within its discretion in granting a petition for the adoption of a child despite the fact that the child was *1061 under the continued supervision of a juvenile court. The supreme court stated: “[Ajdoption proceedings are outside the jurisdiction of the juvenile court unless transferred there.” A.M.P., 997 So.2d at 1021. See also Ala.Code 1975, § 26-10A-3 (“The probate court shall have original jurisdiction over proceedings brought under [the Alabama Adoption Code, Ala.Code 1975, § 26-10A-1 et seq.j. If any party whose consent is required fails to consent or is unable to consent, the proceeding will be transferred to the court having jurisdiction over juvenile matters for the limited purpose of termination of parental rights.”). The supreme court noted that the probate court has the ability to stay adoption proceedings if another proceeding concerning the subject child is pending in another court, but it also noted that the probate court is not required to do so. A.M.P., 997 So.2d at 1022; see also Ala. Code 1975, § 26-10A-21. This court has noted that the juvenile court is “concerned with a different issue than the probate court and that [their respective judgments] are separate judgments rendered on different facts under different law.” D.B. v. J.E.H., 984 So.2d 459, 462 (Ala.Civ.App.2007).
In In re T.N.W. (No. 89815, March 13, 2008) (Ohio Ct.App.2008) (unpublished opinion), the Ohio Court of Appeals for the Eighth District reasoned:
“[The] appellant [requested] the juvenile court to enjoin the probate court [from proceeding with an adoption]. However, ‘the continuing jurisdiction of the juvenile court does not present a jurisdictional bar to adoption proceedings in the probate court. [Ohio Rev.Code Ann.] Chapter 3107 vests exclusive jurisdiction over adoption proceedings in the probate court. In re Adoption of Biddle (1958), 168 Ohio St. 209, 152 N.E.2d 105. If a court has exclusive jurisdiction over a proceeding, it is difficult to imagine how another court may divest it of the authority to hear such a proceeding.’ State ex rel. Hitchcock v. Cuyahoga Cty. Court of Common Pleas, Probate Div. (1994), 97 Ohio App.3d 600, 609, 647 N.E.2d 208. Accordingly, the juvenile court did not have the authority to enjoin the adoption proceedings.”
Similarly, in the present case, we conclude that the juvenile court did not have the authority to enjoin B.C. and T.C. from proceeding with a petition for adoption in the probate court. Therefore, the juvenile court in the present case erred in so enjoining B.C. and T.C. Accordingly, we reverse the juvenile court’s October 27, 2014, order, and we remand the cause with instructions to the juvenile court to vacate its order.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.