DONALDSON, Judge.
T.N. and C.N. petitioned this court for a writ of mandamus directing the Montgomery Juvenile Court (“the juvenile court”) (1) to refrain from interfering with their attempts to enforce a judgment entered by the Elmore Probate Court (“the probate court”) on May 8, 2014, granting T.N. and C.N.’s petition to adopt S.B. (“the child”), (2) to vacate a judgment in which the juvenile court granted custody of the child to D.C., and (3) to cease all proceedings relating to the child.
In the underlying juvenile court proceedings, in which T.N. and C.N. were not parties, the juvenile court entered a judgment on April 21, 2014, granting custody of the child to D.C. and amended that judgment on May 16, 2014, pursuant to a *677 postjudgment motion filed by the Montgomery County Department of Human-Resources (“DHR”). On May 9, 2014, the guardian ad litem for the child filed a motion for a temporary restraining order in the juvenile court seeking to enjoin T.N. and C.N. from taking action to enforce the judgment entered by the probate court granting T.N. and C.N.’s petition to adopt the child. On the same day, the juvenile court entered a temporary restraining order directing T.N. and C.N., their agents, and law enforcement to refrain from removing the child from D.C.’s custody. The juvenile court amended the restraining order on May 12, 2014, and set the matter for a hearing on May 20, 2014. On May 16, 2014, T.N. and C.N. filed a petition for a writ of mandamus with this court. On May 20, 2014, the juvenile court entered an order canceling the hearing scheduled for that day and indefinitely extending the restraining order. The juvenile court’s order cited T.N. and C.N.’s filing of the petition for a writ of mandamus as good cause to extend the injunctive relief granted in the temporary restraining order. See Rule 65(b), Ala. R. Civ. P. (“Every temporary restraining order ... shall expire by its terms within such time after entry not to exceed ten (10) days ..., unless within the time so fixed the order for good cause shown is extended_”). On the same day, T.N. and C.N. amended their petition with this court asserting that the juvenile court’s May 20 order converted the temporary restraining order into a preliminary injunction that was entered without proper notice to T.N. and C.N. and without providing. T.N. and C.N. with a right to be heard. Because the proper method to challenge an injunction is by direct appeal pursuant to Rule 4(a)(1), Ala. R.App. P., this court has elected to treat the petition for a writ of mandamus as an appeal. See J.A.W. v. G.H., 72 So.3d 1254, 1256 (Ala.Civ.App.2011) (citing Ex parte State Pers. Bd., 45 So.3d 751, 754 (Ala.2010)(holding. that the proper means of obtaining appellate review in cases in which the trial court has enjoined the activity of a nonparty is by means of an appeal)). We dismiss the appeal because the issue regarding the restraining order is moot and because T.N. and C.N. have no standing to challenge the custody order.[1]
On appeal, T.N. and C.N. contend that the juvenile court lacked authority to enter the orders restraining them, then-agents, or law enforcement from enforcing the probate court’s judgment of adoption and that the temporary restraining orders are void because the juvenile court no longer had jurisdiction over the matter after the probate court granted their petition to adopt the child. Pursuant to § 26-10A-3, Ala.Code 1975, proceedings for the adoption of a child brought under the Alabama Adoption Code, § 26-10A-1 et seq., Ala.Code 1975, are within the exclusive original jurisdiction of the probate court. Our supreme court has stated that “adoption proceedings are outside the jurisdiction of the juvenile court 'unless transferred there.” Ex parte A.M.P., 997 So.2d 1008, 1021 (Ala.2008) (citing § 12-15-30(b)(5), Ala.Code 1975). “This court has noted that the juvenile court is ‘concerned with a different issue than the probate court and that [their respective judgments] are separate judgments rendered on different facts under different law.’ ” B.C. v. Cullman Cnty. Dep’t of Human Res,, 169 So.3d 1059, 1061 (Ala.Civ.App.2015) (quoting D.B. v. J.E.H., 984 So.2d 459, 462 *678 (Ala.Civ.App.2007)). We have also concluded that a juvenile court does not have jurisdiction to enjoin nonparties from taking action in a probate court to adopt a child. See B.C., 169 So.3d at 1061, and J.A.W., 72 So.3d at 1267. We note that the record does not reflect that T.N. or C.N. were made parties to the juvenile proceedings at issue in this appeal; .however, T.N. nor C.N, do not raise any issue regarding whether the juvenile court has personal jurisdiction over them sufficient to enter the restraining orders. Therefore, we do not address that issue.
In I.B. v. T.N., [Ms. 2130668, Jan. 16, 2016] — So.3d - (Ala.Civ.App.2015), this court reversed the probate court’s judgment granting T.N. and C.N.’s petition to adopt the child on the basis that the probate court had not received clear and convincing evidence to support a finding that I.B. (“the mother”), the child’s minor mother, had given implied consent to the adoption. Our appellate courts have recognized:
“ ‘ “The general rule is that an appeal is subject, to dismissal if, pending the appeal, an event occurs which makes a determination of the appeal unnecessary.” ’ Board of Adjustment of Montgomery v. Priester, 347 So.2d 630, 531 (Ala.Civ.App.1977) (quoting Moore v. Cooke, 264 Ala. 97, 100, 84 So.2d 748, 749-50 (1956)). One such event is an elimination of a justiciable controversy between the parties pending appeal. See Water Works & Sewer Bd. of Birmingham v. Petitioners, Alliance, 824 So.2d 705, 708 (Ala.2001) (dismissing appeal from action seeking declaratory relief on the basis that ‘a present controversy between any of the parties’ did not exist).”
Young’s Realty, Inc. v. Brabham, 896 So.2d 581, 583 (Ala.Civ.App.2004).
This court’s reversal of the probate court’s judgment of.adoption directly afr fects our disposition of some of the issues raised in this appeal by T.N. and C.N. See L.C.S. v. J.N.F., 941 So.2d 973, 978 (Ala.Civ.App.2005). Because of our decision regarding the probate court’s judgment of adoption of the child, T.N. and C.N.’s arguments that the juvenile court lacked authority to enter the temporary retraining orders and that the juvenile court’s jurisdiction terminated after the probate court entered the judgment of adoption are moot. Therefore, we dismiss the appeal as to those issues. See L.C.S., 941 So.2d at 980-81.
Similarly, we must determine whether T.N. and C.N, can be granted relief from the juvenile court’s order of May 20, 2014. T.N. and C.N. contend that that order amounts to a preliminary injunction that the juvenile court entered without providing them with .notice or a hearing. “Notice to the adverse party before a preliminary injunction is issued is mandatory, pursuant to Rule 65(a), Ala. R. Civ. P.” Funliner of Alabama, L.L.C. v. Pickard, 873 So.2d 198, 219 (Ala.2003). Furthermore, Rule 65(b), Ala. R. Civ. P., requires a motion for a preliminary injunction to be set for a hearing when a temporary restraining order has been entered without'a hearing. To the extent that the juvenile court’s May 20, 2014, order could be construed to be a preliminary injunction, it clearly was entered without notice to T.N. and C.N. and without a hearing. However, “[e]vents occurring subsequent to the entry or denial of an injunction in the trial court may properly be considered by [an appellate court] to determine whether a- cause, justiciable at the time the injunction order is entered, has been rendered moot on appeal.” South Alabama Gas Dist. v. Knight, 138 So.3d 971, 975 (Ala.2013). See also Employees of the *679 Montgomery Cnty. Sheriff’s Dep’t v. Marshall, 893 So.2d 326, 330 (Ala.2004) (“[An appellate court]. will dismiss an appeal from the denial of an injunction when an event occurring after - the denial .of the injunction renders the appeal moot.”). The basis for the guardian ad litem’s motion for injunctive relief was to prevent T.N. and C.N. from removing the child from D.C.’s custody based on the probate court’s judgment of adoption. As stated above, this court reversed that judgment. Thus, the basis for the juvenile court’s purported preliminary injunction of May 20, 2014, “no longer exists.” Davis v. Alabama Educ. Ass’n, 92 So.3d 737, 748 (Ala.2012).
“ ‘ “Where the grounds and reasons for which the injunction was granted no longer exist, by reason of changed conditions, it-may be necessary to alter the decree to adapt it to such changed conditions, or to set it aside altogether, as where there is a change in the controlling facts on which the injunction rests, or where the applicable law, common or statutory, has in the meantime been changed, modified, or extended. Such change in the law does not deprive the complainant of any vested right in the injunction, because no such vested right exists.”’”- - • '
Id. (quoting Wilkinson v. State ex rel. Morgan, 396 So.2d 86, 89 (Ala.1981), quoting in turn 42 Am.Jur.2d Injunctions § 334 (1969))(emphasis omitted). Therefore, we dismiss T.N. alid G.N.’s appeal as to this issue and 'instruct the juvenile court to vacate the order of May 20, 2014, as moot.[2]
T.N. and C.N. also contend that the juvenile court’s order granting custody of file child to D.C. is void because they did not receive notice of the proceedings related to that judgment. We must determine whether this issue is properly before this court; In October 2010, DHR, pursuant to an order of the juvenile court, placed the child in foster care with T.N. and C.N. On December 23, 2013, the juvenile court entered an order directing that the child be placed in foster care with D.C., who was also a foster parent to the mother, and granting T.N. and C.N. visitation privileges with the child. On March 12, 2014, D.C. filed a separate dependency petition in the juvenile ctourt seeking a judgment of permanent custody of the child. That dependency petition initiated a new case. After holding a final hearing on D.C.’s petition, at which T.N. and C.N. were not present, the juvenile court entered a final judgment on April 21,2014, relieving DHR of temporary custody of the child, concluding that the child remained dependent pursuant to a previous finding of dependency, and granting D.C. sole legal and physical custody of the child. The juvenile court’s judgment stated that it was final and that the case was “closed to further review.” DHR filed a timely motion to alter, amend, or vacate the judgment, which the trial court granted, in part, on May 16, 2014, although without modifying the provisions of the judgment concerning the grant of custody to D.C.
Although the juvenile court had granted T.N. and C.N.’s motion- to intervene in a previous proceeding relating to the child, they were not made parties in any manner to the dependency proceeding initiated by D.C. by the March 12, 2014, petition. Nevertheless, on May 7, 2014, T.N. and C.N. filed what they designated as a “post- *680 judgment motion for relief’ from the juvenile court’s April 21, 2014, judgment. In their purported postjudgment motion, T.N. and C.N. stated that they were seeking relief under “Rules 59, 60, 62, etc.”, Ala. R. Civ. P., argued that the April 21 judgment was due to be vacated, and requested relief under those rules as to “other orders or proceedings not listed herein from which [T.N. and C.N.] have been wrongfully excluded.” Because the motion was filed more than 14 days after the entry of the original judgment, we construe the purported postjudgment motion as having been made pursuant to Rule 60(b), Ala. R. Civ. P. See K.M.G. v. B.A., 73 So.3d 708, 711 (Ala.Civ.App.2011)(construing a post-judgment motion purportedly filed pursuant to Rule 59, Ala. R. Civ. P., as a motion filed pursuant to Rule 60(b)). We also note that T.N., and C.N.’s purported post-judgment motion was premature because it was filed before the juvenile court had ruled on DHR’s timely Rule 59 motion to alter, amend, or vacate the April 21, 2014, judgment. T.N. and C.N. argued in their May 7, 2014, motion that § 12-15-307, Ala. Code 1975, requires foster parents and preadoptive parents to be given notice of and' a right to be heard in any juvenile-court proceeding. Section 12-15-307 provides:
“Relative caregivers, preadoptive parents, and foster parents of a child in foster care under the responsibility of the state shall be given notice, verbally or in writing, of the date, time, and place of any juvenile court proceeding being held with respect to a child in their care.
“Foster parents, preadoptive parents, and relative caregivers of a child in foster care under the responsibility of the state have a right to be heard in any juvenile court proceeding being held with respect to .a child in ■ their care.
“No foster parent, preadoptive parent, and relative caregiver of a child in foster care under the responsibility of the state shall be made a party to a juvenile court proceeding solely on the basis of this notice and right to be heard pursuant to this section.”
T.N. and C.N. contend that the juvenile court lacked jurisdiction to enter April 21, 2014, judgment because they did not receive notice of the proceedings until after May 7, 2014.
The juvenile court never ruled on T.N. and C.N.’s May 7, 2014, motion. Thus, there is no order from the juvenile court on the motion for this court to review. See Rhodes v. Rhodes, 38 So.3d 54, 63 (Ala.Civ.App.2009) (“[Bjecause .the trial court has not yet expressly ruled on the husband’s Rule 60(b) motion, it is still pending before the trial court and there has been no final order on that motion from which to appeal.”). Furthermore, because they were nonparties to the action, T.N. and C.N. lacked standing to seek postjudgment relief in the proceedings filed by D.C. in March 2014. Rule 60(b), Ala. R. Civ. P., provides, in part, that “[o]n motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void.” (Emphasis added.)
“Although neither party in its briefs to this Court raises the issue whether [T.N; and C.N.] had standing to file a Rule 60(b), Ala. R. Civ. P., motion to seek relief from judgments entered in an action to which [they were] not parties, standing is a component of subject-matter jurisdiction and can be raised at any time.”
Ex parte Overton, 985 So.2d 423, 427 (Ala.2007) (citing State v. Property at 2018 Rainbow Drive, 740 So.2d 1025 (Ala.1999)).
Section 12-15-307 explicitly states that foster parents and preadoptive parents are not to be made parties to an action solely on basis that they • have a *681 right to notice of the action and a right to be heard. Furthermore, the plain language of § 12-15-307 applies only when the child is in the care of the foster parents or preadoptive parents. At the time the dependency proceeding was commenced by D.C., T.N. and C.N. had visitation privileges with the child, but the child was not in their care. Furthermore, T.N. and C.N. did not file a motion pursuant to Rule 24, Ala. R. Civ. P., seeking to intervene in the dependency proceedings commenced by D.C. See F.W. v. T.M., 140 So.3d 950, 958 (Ala.Civ.App.2013)(“This court has routinely recognized that relative caregivers and foster parents may seek and be granted intervention in a dependency action.”). Thus, T.N. and C.N. could not have been considered parties to the proceedings for purposes of filing a motion for relief from the judgment pursuant to Rule 60(b)(4). Furthermore, T.N. and C.N. could not have been considered a “legal representative” of a party for purposes of filing a Rule 60(b) motion. See Ex parte Overton, 985 So.2d at 428 (“A legal representative under Rule 60(b) is ‘one who by operation of law is tantamount to a party in relationship to the matter involved in the principal action.’ ” (quoting Western Steel Erection Co. v. United States, 424 F.2d 737, 739 (10th Cir.1970) (interpreting Rule 60(b), Fed.R.Civ.P.))). Thus, T.N. and C.N.’s May 7, 2014, motion for relief from the April 21, 2014, judgment is a nullity.
For the foregoing reasons, we dismiss T.N. and C.N.’s appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., recuses herself.

. T.N. and C.N. filed a motion to strike certain portions of I.B.'s brief that they contend are unsupported or unsubstantiated by the record. Because we are dismissing the appeal and because those portions of the brief do not affect our decision, that motion is denied' as moot.

. In this opinion, this court addresses only the issues as they have been presented by the parties and by the record below. Because the issue concerning the purported injunctive relief is. now moot, we do not address the propriety of the injunctive relief ordered by the juvenile court. This opinion should not be read as an endorsement of the actions taken by the juvenile court in this matter.