THOMAS, Judge.
This is the fifth time that T.C.M. and C.N.M. (hereinafter referred to collectively as the “prospective adoptive parents”) and W.L.K. (“the father”) have appeared before this court seeking review of a court’s orders in an action respecting the custody of M.M. (“the child”). See Ex parte W.L.K., 175 So.3d 652 (Ala.Civ.App.2015) (plurality opinion) (“W.L.K.I”); T.C.M. v. W.L.K. (No. 2130936, February 27, 2015), — So.3d - (table) (appeal dismissed); Ex parte T.C.M. (No. 2140717, June 30, 2015), — So.3d - (Ala.Civ.App.2015) (table) (petition denied); and Ex parte W.L.K., [Ms. 2140874, December 4, 2015] — So.3d - (Ala.Civ.App.2015) (“W.L.K.II”), A recitation of the circumstances preceding the present appeal is necessary to understand the issues presented.
The father and S.F. (“the mother”), who were residents of Florida, were involved in a relationship between April and July 2012. W.L.K I, 175 So.3d at 654. They conceived the child during that period. Id. The relationship ended before the birth of the child, and the father lost contact with the mother. Id. The father registered with the putative father registry in Florida. Id. He sought the advice of an attorney and instituted a paternity action in *41 Florida in January 2013. Id. He also attempted to locate the mother at nearby hospitals on January 18, 2013, the expected date of delivery. Id. However, the father was unsuccessful in his efforts at locating the mother and the child. Id. at 655.
On January 9, 2013, the mother gave birth to the child in Montgomery, Alabama. Id. The mother had consented to an adoption of the child by the prospective adoptive parents. Id. The prospective adoptive parents were present at the birth and took the child home from the hospital. Id. They instituted an adoption action in the Jefferson Probate Court (“the probate court”) on January 29, 2013. Id. As required by Ala.Code 1975, § 26-10A-18, the probate court entered an interlocutory custody order awarding the prospective adoptive parents custody of the child pending the final judgment in the adoption action.
The father learned in March 2013 that the child had been born in Alabama. Id. He was served with the adoption petition, and, upon the advice of his Florida counsel, the father sought legal counsel in Alabama. Id. He then filed a contest to the adoption and a motion to dismiss the adoption action. Id.
The probate court held a trial on the father’s adoption contest. Id. “At issue was whether the father had impliedly consented to the child’s adoption pursuant to the theory of ‘prebirth abandonment,’ under which consent to an adoption may be implied based on abandonment if a father fails, ‘with reasonable knowledge of the pregnancy, to offer financial and/or emotional support for a period of six months prior to the birth.’ ” Id. (quoting Ala.Code 1975, § 26-10A-9(a)). On March 19, 2014, the probate court entered a judgment determining that the father had not impliedly consented to the adoption. Id. However, instead of dismissing the adoption action as required by Ala.Code 1975, § 26-10A-24(d), the probate court, on July 22, 2014, entered an order stating that, on its own motion, it was transferring the adoption action to the Jefferson Juvenile Court (“the juvenile court”) pursuant to § 26-10A-24(e). Id. The father filed a petition for the writ of mandamus challenging the probate court’s order transferring the adoption action to the juvenile court. Id. This court determined that the probate court could not transfer the adoption action and instead that the probate court was required to dismiss the adoption action under § 26-10A-24(e). W.L.K. I, 175 So.3d at 658.
Despite our instructions in W.L.K. I, the probate court did not enter an order dismissing the adoption action pursuant to § 26-10A-24(e). W.L.K. II, — So.3d at -. The father again filed a petition in this court seeking a writ of mandamus to compel the probate court to enter the order dismissing the adoption action. Id. We granted that petition. Id. After we overruled their application for rehearing, the prospective adoptive parents filed a petition for certiorari review of that decision in the Alabama Supreme Court; their certiorari petition was granted on March 2, 2016, and the matter remains pending before that court.[1]
*42 Meanwhile, in November 2014, the prospective adoptive parents filed a dependency and termination-of-parental-rights action in the juvenile court; that action was assigned case no. JU-14-2361 (“the TPR action”). The juvenile court set a trial in the TPR action for July 2015, and the prospective adoptive parents sought a stay of the proceedings in the TPR action in the juvenile court. The juvenile court denied the motion for a stay, and the prospective adoptive parents filed in this court a petition for the writ of mandamus seeking an order requiring the juvenile court to stay the proceedings based on Ala.Code 1975, § 6-5-440, which bars a party from prosecuting two actions for the same cause against the same party in the courts of this state.[2] We denied the petition by order. Ex parte T.C.M. (No. 2140717, June 30, 2015), — So.3d - (Ala.Civ.App.2015) (table). The TPR action was later dismissed by the juvenile court on the motion of the prospective adoptive parents.
In October 2015, the father filed a petition in the juvenile court seeking to establish his paternity of the child and requesting an award of sole custody of the child; that action was assigned case no. CS-15-901120 (“the custody action”). The father named as a defendant only the mother. The juvenile court held a trial in the custody action, after which it entered a judgment on November 3, 2015, determining paternity and awarding the father custody of the child. On that same day, the juvenile court also entered a pickup order, which directed law enforcement to take into custody the child, who the order stated was residing with the prospective adoptive parents, and to deliver the child to attorneys for the father so that the child could be transported to the father’s residence.
The prospective adoptive parents filed in the custody action a motion that they entitled “Motion to Alter, Amend, or Vacate; Motion to Stay.” That motion indicated that counsel for the prospective adoptive parents was making a limited appearance to contest jurisdiction. The prospective adoptive parents alleged that they had custody of the child by virtue of the interlocutory order awarding custody to the prospective adoptive parents entered by the probate court in the adoption action. They argued in their motion that the juvenile court lacked jurisdiction over them because they had not been parties to the custody action and that the juvenile court therefore lacked jurisdiction to “make any orders affecting them or the ... child, specifically including, but not limited to, ordering them to relinquish custody of the ... child.” The juvenile court denied the prospective adoptive parents’ motion and declined to stay enforcement of its pickup order. The prospective adoptive parents then filed a petition for the writ of prohibition or, in the alternative, mandamus and a request for a stay in this court on October 29, 2015. In their petition, the prospective adoptive parents sought a writ directed to the juvenile court requiring it to vacate its custody order and the pickup order and to *43 acquire jurisdiction over the prospective adoptive parents before entering further orders affecting the custody of the child. This court granted a stay of the juvenile court’s pickup order on October 30, 2015.
This court first considered whether the prospective adoptive parents had utilized the appropriate vehicle to seek review of the juvenile court’s orders. The prospective adoptive parents were not parties to the custody action from which the custody order and pickup order arose. Typically, a person may not seek review of an order or a judgment of a court in an action to which he or she has not been made a party. B.V. v. Macon Cty. Dep’t of Human Res., 14 So.3d 171, 175 (Ala.Civ.App.2009). However, when “[a] nonparty ... has been enjoined by an order of the trial court,” he or she may appeal from that order. D.F.H. v. J.D.G., 125 So.3d 146, 149 (Ala.Civ.App.2013).
The order awarding the father custody vis-á-vis the mother does not impact any rights of the prospective adoptive parents. They are not parties to the custody action, and they are not bound by the custody order entered in that action. See Hall v. Hall, 485 So.2d 747, 749 (Ala.Civ.App.1986) (indicating that, generally, non-parties to an action are not bound by a judgment entered in the action). However, the pickup order authorizing law-enforcement officers to remove the child from the custody of the prospective adoptive parents is akin to an injunction because it requires the prospective adoptive parents to yield their custodial rights to the child or face contempt or other sanctions. See Ex parte State Pers. Bd., 45 So.3d 751, 754 (2010) (noting that a non-party affected by an injunction may seek review instead of facing the possibility of a contempt proceeding). Enforcement of that order will deprive the prospective adoptive parents of the custody of the child and will prohibit their exercise of custody under a lawful and currently valid order of the probate court. Unlike an ex parte custody order or a typical pickup order in a juvenile case, after which a hearing is held regarding custody or dependency, see, e.g., Worley v. Jinks, 361 So.2d 1082, 1087 (Ala.Civ.App.1978) (indicating that a pickup order meets due-process requirements if the party from whom custody is removed is given notice of an impending hearing on the matter), the pickup order in the present case is a final order; the juvenile court set no further proceedings in the custody action. Because of the nature of the pickup order in this case, we conclude that it is sufficiently injunctive in nature to provide the prospective adoptive parents the right to seek review of that order.
“ ‘[T]he proper method to challenge an injunction is by a direct appeal under Rule 4(a)(1), Ala. RApp. P.’ ” B.C. v. Cullman Cty. Dep’t of Human Res., 169 So.3d 1059, 1060 (Ala.Civ.App.2015) (quoting Ex parte B2K Sys., LLC, 162 So.3d 896, 903 (Ala.2014)); see also D.F.H., 125 So.3d at 149. Thus, the remedy available to the prospective adoptive parents is not a petition for the writ of prohibition or, in the alternative, mandamus. Although the prospective adoptive parents sought an extraordinary writ instead of properly seeking review of the pickup order by way of an appeal, we have exercised our discretion to treat their petition as an appeal.[3] *44 See B.C., 169 So.3d at 1060 (exercising this court’s discretion to treat a petition for the writ of mandamus as an appeal when the judgment from which the petition sought relief was an injunction). The parties were so advised, a record was prepared, and the parties submitted briefs.
We perceive the issue in this appeal to be whether the juvenile court could enter a pickup order that directly contradicts the probate court’s interlocutory order granting custody to the prospective adoptive parents. We have often explained that adoption actions in probate court and dependency and/or termination actions in juvenile court are not the same causes of action and that, in many instances, dependency or termination actions and adoption actions occur simultaneously. See Ex parte A.M.P., 997 So.2d 1008, 1022-23 (Ala.2008); D.B. v. J.E.H., 984 So.2d 459, 462 (Ala.Civ.App.2007). Thus, the juvenile court had jurisdiction to consider the custody action initiated by the father against the mother. However, we conclude, as explained below, that the juvenile court lacked authority to enter its pickup order, which seeks to supplant the currently valid interlocutory custody order entered by the probate court in the adoption action.
Although the probate courts and the juvenile courts are not courts of concurrent jurisdiction, we find the law regarding the jurisdiction of such courts instructive here.
“It is familiar law, applicable to the case in hand, that when a court of corn-petent jurisdiction has become possessed of a case its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of, and no court of concurrent jurisdiction will interfere in the absence of a showing that some special equity exists in favor of the complaining parties with which the court first taking jurisdiction is without authority to deal. This principle is essential to the proper and orderly administration of the law; and while its observation might be rested on the grounds of judicial comity and courtesy, it does not rest upon such consideration exclusively, but is enforced to prevent unseemly, expensive and dangerous conflicts of jurisdiction and process.”
Jordan v. Jordan, 251 Ala. 620, 622, 38 So.2d 865, 867 (1949). That is, a court that first assumes jurisdiction over a cause continues to possess that jurisdiction, despite the fact that a second court might also have exercised jurisdiction if the action had been first brought in that second court.
It is without question that “[t]he ‘primary jurisdiction over adoption proceedings is in the probate court.’” Ex parte C.L.C., 897 So.2d 234, 237 (Ala.2004) (quoting B.W.C. v. A.N.M., 590 So.2d 282, 283 (Ala.Civ.App.1991)).[4] A juvenile court has jurisdiction over an adoption action only if the probate court transfers the adoption action to the juvenile court. See Ala.Code 1975, § 12-12-35(a). Furthermore, both this court and our supreme *45 court have explained that a probate court, and not a circuit court or a juvenile court, is the proper court in which to seek to have a probate court’s adoption judgment set aside. Ex parte O.S., 205 So.3d at 1235; B.W.C. v. A.N.M., 590 So.2d at 283.
If a probate court is, with certain exceptions not pertinent here, the only court permitted to entertain an adoption action, to enter an adoption judgment, or to set aside an adoption judgment, we must also conclude that another court may not enjoin the operation of an interlocutory custody order entered by the probate court in an adoption action. The juvenile court’s pickup order, therefore, cannot be given effect. Because the juvenile court lacks authority to interfere with the probate court’s interlocutory custody order in the adoption action through a pickup order, we reverse the juvenile court’s pickup order and remand the cause to the juvenile court. Until such time as the supreme court renders its decision on certiorari in W.L.K. II and the probate court acts in accordance with the directive of an appellate court, the juvenile court may not enter an order requiring that the child be placed in the custody of the father.
REVERSED AND REMANDED.
PITTMAN and DONALDSON, JJ., concur.
THOMPSON, P.J., and MOORE, J., concur in the result, without writings. .

. Rule 21(e)(3), Ala. R.App. P., provides that, if a party to a petition for the writ of mandamus seeks rehearing of the decision issued on the petition in a court of appeals, review of the decision must be by petition for the writ of certiorari under Rule 39, Ala. R.App. P. Rule 41(b), Ala. R.App. P., states that "[t]he timely filing of a petition for certiorari in the Supreme Court shall stay the issuance of the certificate of judgment by the courts of appeals, which stay shall continue until the final disposition by the Supreme Court.'' It is well settled that a trial court (or, in the present case, the probate court) lacks jurisdiction to *42 enter any order or judgment in a matter under review until after an appellate court issues its certificate of judgment. See Veteto v. Yocum, 792 So.2d 1117, 1119 (Ala.Civ.App.2001). Thus, the interlocutory custody order of the probate court vesting custody in the prospective adoptive parents still remains in effect.

. Section 6-5-440 reads:
"No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.”

. We note that, because the underlying action is a juvenile-court action and an appeal from a judgment in a juvenile-court action must be filed within the same 14-day period during which an appeal of an order granting an injunction must be filed, compare Rule 4(a)(1)(A), Ala. R.App. P., and Rule 4(a)(1)(E), Ala. R.App. P., we are not faced with a situation where the time for filing an appeal of the injunction has expired, as we were in D.F.H., *44 125 So.3d at 149-150. Thus, because the prospective adoptive parents timely filed their petition within 14 days of the entry of the pickup order, we may treat the petition as a timely appeal.

. B.W.C. was overruled by O.S. v. E.S., 205 So.3d 1219, 1230 (Ala.Civ.App.2013), which was in turn reversed by Ex Parte O.S., 205 So.3d 1233, 1241 (Ala.2014). In Ex parte O.S., our supreme court specifically stated that this court had erred when it overruled B.W.C. 205 So.3d at 1240. Thus, B.W.C. continues to be valid authority for the above-stated propositions.