**REL: January 20, 2023**

Notice: This opinion is subject to formal revision before publication in the advance sheets of <u>Southern Reporter</u>. Readers are requested to notify the Reporter of Decisions, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in <u>Southern Reporter</u>.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### CL-2022-0853

_____

### W.R.

### v.

### Marshall County Department of Human Resources

### Appeal from Marshall Juvenile Court
### (JU-19-847.03)

MOORE, Judge.

W.R. appeals from a judgment entered by the Marshall Juvenile Court ("the juvenile court") denying his motion seeking relief from a final judgment entered by the juvenile court on April 14, 2022. We affirm the juvenile court's judgment.

Procedural History

On April 14, 2022, the juvenile court entered a judgment ("the final judgment") in case number JU-19-847.03 ("the termination proceeding"), terminating the parental rights of B.T. and Ju.T. ("the parents") to their child, J.T. ("the child").[1] On May 27, 2022, W.R. ("the uncle"), who is the maternal uncle of the child, filed a motion requesting that he be allowed to intervene in the termination proceeding for the limited purpose of filing a motion for relief from the final judgment. On June 22, 2022, the juvenile court entered an order in which it granted the uncle's motion to intervene.

On June 22, 2022, the uncle filed a motion asserting that the final judgment should be set aside because the juvenile court had not served the uncle with a summons or otherwise notified the uncle of the termination proceeding. The uncle also maintained that the final judgment should be set aside because the juvenile court had failed to consider placing the child with a suitable relative, his son, J.R., as a

---

[1]The record on appeal contains none of the filings from the termination proceeding.

viable alternative to terminating the parents' parental rights. On June 25, 2022, the Marshall County Department of Human Resources ("DHR"), the petitioner in the termination proceeding, responded to the uncle's motion for relief from the final judgment. In its response, DHR acknowledged that the uncle had not been served and that he had not otherwise received notice of the termination proceeding, but DHR denied that the uncle was entitled to service or notice of that proceeding. DHR further maintained that all proper and necessary parties had been served in the termination proceeding and that the juvenile court had properly considered all viable alternatives before terminating the parents' rights to the child. On July 7, 2022, the juvenile court entered an order summarily denying the uncle's motion for relief from the final judgment. The uncle filed a timely notice of appeal.

Issues on Appeal

The uncle argues that the juvenile court erred in denying his motion for relief from the final judgment for three reasons. First, the uncle maintains that he was entitled to service in the termination proceeding under Rule 13(A)(1), Ala. R. Juv. P., and that, in the absence of such service, the juvenile court was required to set aside the final judgment.

3

Second, the uncle contends that the juvenile court deprived him of due process by failing to give him notice of the termination proceeding and an opportunity to be heard in violation of the Fourteenth Amendment to the United States Constitution. Third, the uncle asserts that the juvenile court erroneously failed to consider placing the child with his son, J.R., as a viable alternative to terminating the parents' rights to the child.

We cannot consider the second argument, which relies on the uncle's assertion that the final judgment terminated his visitation rights. Our review of the record indicates that the uncle did not present any evidence to the juvenile court indicating that he had been awarded visitation rights with the child and that he was exercising those visitation rights at the time of the termination proceeding; based on our review, he also did not present any evidence indicating that the final judgment had terminated his right to visit with the child. The uncle also did not argue to the juvenile court that the juvenile court had violated his right to due process under the Fourteenth Amendment by terminating his purported visitation rights without providing him notice and an opportunity to be heard. See Alabama Power Co. v. Turner, 575 So. 2d 551, 553 (Ala. 1991) ("In order for an appellate court to review a constitutional issue, that

issue must have been raised by the appellant and presented to and reviewed by the trial court."). Therefore, we do not address the issue whether the Fourteenth Amendment requires that a relative who has been awarded visitation rights with a child receive service in a termination proceeding. Likewise, to the extent that the uncle may be arguing that the juvenile court unconstitutionally impaired his ability to seek a return of the child to his custody, the uncle did not make that specific argument to the juvenile court. "This [c]ourt cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court." Andrews v. Merritt Oil Co., 612 So. 2d 409, 410 (Ala. 1992). And even if the uncle's postjudgment motion could be broadly construed as making such an argument, on appeal he does not support that position with any argument with citation to legal authority in compliance with Rule 28, Ala. R. App. P. "[W]hen an appellant fails to properly argue an issue, that issue is waived and will not be considered." Asam v. Devereaux, 686 So. 2d 1222, 1224 (Ala. Civ. App. 1996).

We also cannot consider the uncle's third argument on appeal. Assuming that the juvenile court erred in failing to investigate and

5

exclude J.R. as a placement for the child before entering the final judgment, that error would not be one that would render the final judgment void. See Bowen v. Bowen, 28 So. 3d 9, 15 (Ala. Civ. App. 2009) ("Errors in the application of the law by the trial court do not render a judgment void."). It would render the final judgment only voidable on appeal if raised by the parents as the parties aggrieved by the error; the uncle lacks standing to assert the rights of the parents in this appeal, see B.H. v. Marion Cnty. Dep't of Hum. Res., 998 So. 2d 475, 477 (Ala. Civ. App. 2008), which relates solely to whether his rights have been substantially prejudiced by the juvenile court's denial of the motion for relief from the final judgment.

## Standard of Review

The only issue raised by the uncle that can be reviewed in this appeal is the first issue concerning whether the uncle was entitled to service in the termination proceeding. The uncle maintains that, without service upon him, the final judgment is void and, therefore, is due to be aside under Rule 60(b)(4), Ala. R. Civ. P. However, "[w]hen a party asserts that a juvenile court erred by not joining it as a party to a juvenile proceeding, that party must follow the procedure established in Rule

6

13(a)(5), Ala. R. Juv. P., [now Rule 13(A)(6), Ala. R. Juv. P.,] in order to obtain relief from an order of the juvenile court." Limestone Cnty. Dep't of Hum. Res. v. Long, 182 So. 3d 541, 544 (Ala. Civ. App. 2014).

> Rule 13(A)(6), Ala. R. Juv. P., provides:
>
> "A party not served under this rule may, for good cause shown, petition the juvenile court in writing for a modification of any order or judgment of the juvenile court. The juvenile court may dismiss this petition if, after a preliminary investigation, the juvenile court finds that the petition is without substance. If the juvenile court finds that the petition should be reviewed, the juvenile court may conduct a hearing upon the issues raised by the petition and may make any orders authorized by law relative to the issues as it deems proper."

In his motion seeking relief from the final judgment, the uncle asserted that he had not been served in the termination proceeding as provided by Rule 13(A)(1), Ala. R. Juv. P., and, in his prayer for relief, the uncle requested that the juvenile court set aside the final judgment, rehear the case, and consider whether the child should be placed with J.R. In substance, the motion set forth a petition for a modification of the final judgment under Rule 13(A)(6). "Although the father relied on Rule 60(b)(4)[, Ala. R. Civ. P.,] throughout this case, we conclude that Rule 13(A)(5), Ala. R. Juv. P., controls." T.L. v. W.C.L., 203 So. 3d 66, 71 (Ala. Civ. App. 2016) (noting that it is the substance of the motion and the

relief requested that determines whether a motion is a motion under former Rule 13(A)(5), Ala. R. Juv. P., the precursor to Rule 13(A)(6), or a motion under Rule 60(b)(4)). See also Ex parte L.L.H., 294 So. 3d 795, 798 (Ala. Civ. App. 2019) (applying the precursor to Rule 13(A)(6) although the parties cited cases applying Rule 60(b)(4)). A juvenile court exercises judicial discretion when ruling on a motion filed pursuant to Rule 13(A)(6) and this court will reverse an order denying a Rule 13(A)(6) motion only when the record clearly shows that the juvenile court exceeded that discretion. See D.S.W. v. R.D., 340 So. 3d 406, 409 (Ala. Civ. App. 2021).

## Facts

In his Rule 13(A)(6) motion, the uncle alleged that he had served as the "previous custodian of the child" pursuant to an order of the juvenile court but that the child had been removed from his custody by DHR. In its response to the uncle's motion, DHR asserted that the child had been removed from the custody of the uncle pursuant to an order entered by the juvenile court on March 24, 2021, after a hearing in a dependency proceeding concerning the child. The uncle further alleged that DHR had developed a permanency plan for the child to be returned to the uncle;

8

that he had cooperated with DHR's plan; that the child had not been returned to his custody despite his cooperation; and that DHR instead had instituted the termination proceeding. DHR indicated that it had filed a petition to terminate the parents' rights to the child on January 26, 2022. The uncle finally alleged that DHR had not served the uncle with summons or otherwise notified him of the termination proceeding. DHR acknowledged that the uncle had not been served or notified of the termination proceeding and alleged that the juvenile court had not ordered that he be served as a proper or necessary party to that proceeding.

Analysis

Before addressing the merits of the uncle's argument on appeal, we first address DHR's assertion that the uncle cannot maintain this appeal because he was not a party to the termination proceeding. When a person is permitted to intervene in a proceeding, that person becomes a party to that proceeding and may appeal any judgment entered in that proceeding by which he or she is personally aggrieved. M.C. v. Lee Cnty. Dep't of Hum. Res., [Ms. 2201009, Oct. 14, 2022] ___ So. 3d ___, ___ (Ala. Civ. App. 2022). It is undisputed that the uncle was permitted to intervene

for the limited purpose of filing a Rule 13(A)(6) motion and that the juvenile court denied that motion. The uncle has a right to appeal from the order denying his motion. See Ala. Code 1975, § 12-15-601 ("A party, including the state or any subdivision of the state, has the right to appeal a judgment or order from any juvenile court proceeding pursuant to this chapter."); D.S.W., supra.

Proceeding to the merits, we note that Rule 13(A)(1) provides, in pertinent part, that, after a termination-of-parental-rights petition has been filed, "summonses shall be issued to and personally served ... upon each of the following persons: … legal guardian, or legal custodian, and other persons who appear to the juvenile court to be proper or necessary parties to the proceedings." It is undisputed that, at the time of the filing of the petition to terminate the parents' rights to the child, the uncle was not the legal guardian or legal custodian of the child. The uncle asserts, however, that he should have been considered a "proper or necessary" party to the termination proceeding under Rule 13(A)(1) because, as he asserts in his appellate brief, "he had been awarded custody of [the child] in a prior case." As noted, the uncle had lost custody of the child on March 24, 2021, and the child was not in his care at any point during the

10

termination proceeding in 2022. Considering that context, we perceive the uncle's argument to present the rather narrow issue of whether a former relative caregiver is entitled to service under Rule 13(A)(1) based solely on the fact that he or she once exercised custody of a child.

Our review of caselaw indicates that this court has not discussed the class of persons who may be deemed "proper or necessary parties" to a termination proceeding within the meaning of Rule 13(A)(1). The operative language appears to be derived from Ala. Code 1975, § 12-15-122(a), a part of the Alabama Juvenile Justice Act ("the AJJA"), Ala. Code 1975, § 12-15-101 et seq., which governs service in other types of juvenile proceedings and provides:

> "After a petition alleging delinquency, in need of supervision, or dependency has been filed, the juvenile court shall direct the issuance of summonses to be directed to the child if he or she is 12 or more years of age, to the parents, legal guardian, or other legal custodian, and to other persons who appear to the juvenile court to be <u>proper or necessary parties to the proceedings</u>, requiring them to appear personally before the juvenile court at the time fixed to answer or testify as to the allegations of the petition. Where the legal custodian is summoned, the parent or legal guardian, or both, shall also be served with a summons."

(Emphasis added.) The AJJA does not define the phrase "proper or necessary parties" and our research reveals that this court also has not examined the meaning of that phrase in the context of § 12-15-122(a).

However, the legislature has not left this court without guidance on the question whether a former relative caregiver is entitled to be joined as a party to a termination proceeding. Section 12-15-307, Ala. Code 1975, another part of the AJJA, provides, as follows:

> "Relative caregivers, preadoptive parents, and foster parents of a child in foster care under the responsibility of the state shall be given notice, verbally or in writing, of the date, time, and place of any juvenile court proceeding being held with respect to a child in their care.
>
> "Foster parents, preadoptive parents, and relative caregivers of a child in foster care under the responsibility of the state have a right to be heard in any juvenile court proceeding being held with respect to a child in their care.
>
> "No foster parent, preadoptive parent, and relative caregiver of a child in foster care under the responsibility of the state shall be made a party to a juvenile court proceeding solely on the basis of this notice and right to be heard pursuant to this section."

See also Rule 13(D), Ala. R. Juv. P. (containing similar notice language). Section 12-15-307 requires a juvenile court to notify a relative caregiver of a termination proceeding and to provide the relative caregiver an

12

opportunity to be heard "with respect to a child in [his or her care]." The last paragraph of § 12-15-307 plainly states that the juvenile court shall not make a relative caregiver a party to a termination proceeding based on the rights granted in the first two paragraphs.

Section 12-15-307 does not provide any notice and hearing rights to a former relative caregiver who no longer has the child "in [his or her] care." See T.N. v. I.B., 188 So. 3d 675, 681 (Ala. Civ. App. 2015) (explaining that the plain language of § 12-15-307 applies only when the child is presently in the care of a foster parent, a preadoptive parent, or a relative caregiver). Because a former relative caregiver has no statutory right to notice and an opportunity to be heard under the terms of the AJJA, it logically follows that a former relative caregiver would not automatically be entitled to service in a termination proceeding. If the opposite was true, as the uncle advocates, a former relative caregiver actually would have greater procedural rights than a current relative caregiver for a child and every former relative caregiver would have to be identified and served to properly adjudicate a termination petition, a result we believe the legislature did not intend. See Junkins v. Glencoe Volunteer Fire Dep't, 685 So. 2d 769, 772 (Ala. Civ. App. 1996) (holding

that statutes should be construed to avoid absurd results that could not have been intended by the legislature).

We hold that the mere status as a former relative caregiver does not, in and of itself, make a person a "proper and necessary" party entitled to service under Rule 13(A)(1), and we find no merit in the uncle's contention that, solely because he had formerly exercised custody of the child, the juvenile court was required to serve him in the termination proceeding. In so holding, we do not intend that a juvenile court can never order a former relative caregiver to be served and joined as a party in a termination proceeding. The specific argument advanced by the uncle does not require us to consider whether additional circumstances, other than the bare fact that a relative once served as a custodian of the child, may support a determination that a former relative caregiver is a proper or necessary party who should be served in a termination proceeding.

## Conclusion

After reviewing the uncle's Rule 13(A)(6) motion and DHR's response thereto, the juvenile court summarily denied the motion, effectively determining that the motion was "without substance," within

14

the meaning of Rule 13(A)(6). The uncle has not presented any valid argument that the juvenile court erred in reaching that determination. We also conclude that the juvenile court did not exceed its discretion in denying the motion, although the motion should have been treated as a petition and should have been dismissed, as required by the language of Rule 13(A)(6). Thus, the juvenile court's judgment is affirmed.

AFFIRMED.

Thompson, P.J., and Edwards, Hanson, and Fridy, JJ., concur.